[No. 9041–1–I.   Division One.   March 22, 1982.]

RONALD F. MCGUIRE, *Appellant,* v. THE CITY OF SEATTLE, ET AL, *Respondents.*

*Fulle & Grad* and *Harvey Grad*, for appellant.

*Douglas N. Jewett, City Attorney*, and *Michael Monroe, Assistant*, for respondents.

CALLOW, J.—Ronald McGuire appeals his conviction in Seattle Municipal Court of being in physical control of a motor vehicle while intoxicated. The issue raised is whether the trial court erred in granting the City's motion to amend the citation from "driving while intoxicated" to "physical control."

The defendant was arrested by Seattle police officers while sitting behind the controls of a parked car. The keys were in the ignition and the defendant stipulated at trial that he was intoxicated. The police charged the defendant by citation with driving while intoxicated and negligent driving. The defendant appeared in Seattle Municipal

Court and moved to dismiss the charge based on the lack of evidence that the defendant had driven the vehicle in which he was arrested. The City conceded it could not prove the drunk driving charge, and moved to amend the citation to charge the defendant with being in physical control of a motor vehicle while intoxicated. The trial court granted the motion to amend. The defendant did not request a continuance, but elected to proceed to trial by stipulating that he was intoxicated, in control of the vehicle, and that the keys were in the ignition. The trial court found the defendant not guilty of negligent driving and guilty of physical control.

The defendant filed a writ of review in superior court, alleging that the trial court erred in permitting the City to amend the citation. The Superior Court denied relief. This appeal follows.

■ An accused must be informed of the charge he is to meet at trial and cannot be tried for an offense not charged. *State v. Lutman,* 26 Wn. App. 766, 614 P.2d 224 (1980); Const. art. 1, § 22 (amendment 10). Amending the citation during trial to charge a different crime violates this rule. *State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951); *State v. Lutman, supra.* A defendant may be convicted, however, of a lesser included offense where all of the elements of the included offense are necessary elements of the offense charged. *State v. Bowen,* 12 Wn. App. 604, 531 P.2d 837 (1975).

JCrR 4.10 and former JTR 3.04 govern amendment of the complaint or citation in this type of case. *See also* JTIR 3.1(c). These rules allow the court to permit a citation to be amended at any time before judgment if no additional or different offense is charged, and if substantial rights of the defendant are not thereby prejudiced. Continuances are not allowed unless the amendment makes it necessary for the defendant to have additional time to prepare his defense. One offense cannot be substituted for another if different elements must be proved to convict. *State v. Lutman, supra.*

■ At issue is whether being in physical control of a motor vehicle while intoxicated is a lesser included offense of driving while intoxicated. A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. *State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973).

The Seattle Traffic Code provides:

11.56.020 Persons under influence of intoxicating liquor or any drug — Chemical Analysis — Tests, evidence and penalties.

(1) A person is guilty of driving while under the influence of intoxicating liquor or any drug if he drives a vehicle within the city while:

(a) He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under the provisions of this section; or

(b) He is under the influence of or affected by intoxicating liquor or any drug; or

(c) He is under the combined influence of or affected by intoxicating liquor and any drug.

The fact that any person charged with a violation of this subsection is or has been entitled to use such drug under the laws of this state shall not constitute a defense against any charge of violating this subsection.

(2) A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if he has actual physical control of a vehicle within the city while:

(a) He has 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance made under the provisions of this section; or

(b) He is under the influence of or affected by intoxicating liquor or any drug; or

(c) He is under the combined influence of or affected by intoxicating liquor and any drug.

The fact that any person charged with a violation of this subsection is or has been entitled to use such drug under the laws of this state shall not constitute a defense against any charge of violating this subsection. No person may be convicted under this subsection if, prior to being pursued by a law enforcement officer, he has moved the

vehicle safely off the roadway.

■■ There is no statutory or judicial authority defining the phrase "physical control." The official comment to WPIC 92.11 notes that, in states considering the issue, vehicular movement is not an element of that offense so long as the defendant is in a position to regulate the movement of the vehicle.

A driver has "actual physical control" of his car when he has real (not hypothetical), bodily restraining or directing influence over, or domination and regulation of, its movement or machinery. Webster's Third New International Dictionary 22, 1706 and 496–97 (1961). *See State v. Ruona,* 133 Mont. 243, 248, 321 P.2d 615, 618 (1958). *See generally,* Annot., 47 A.L.R. 2d 570 (1956).

It is not dispositive that appellant's car was not moving, and that appellant was not making an effort to move it, when the troopers arrived. A driver may be in "actual physical control" of his car and therefore "operating" it while it is parked or merely standing still "so long as [the driver is] keeping the car in restraint or in position to regulate its movements. Preventing a car from moving is as much control and dominion as actually putting the car in motion on the highway. Could one exercise any more regulation over a thing, while bodily present, than prevention of movement or curbing movement." *State v. Ruona, supra* at 248, 321 P.2d at 618.

*Commonwealth v. Kloch,* 230 Pa. Super. 563, 576, 327 A.2d 375 (1975). *See also State v. Juncewski,* 308 N.W.2d 316 (Minn. 1981). As noted in *State v. Ghylin,* 250 N.W.2d 252 (N.D. 1977), the purpose of the statutes forbidding being in physical control of an automobile is to deter individuals who have been drinking from getting into a vehicle except as a passenger. The charge of "driving while intoxicated" contains all of the elements of "being in physical control" and has the additional element of vehicular motion. *See* Annot., 47 A.L.R.2d 570, 572 (1956) ("[T]o be guilty of driving a vehicle while intoxicated, the defendant must have had the vehicle in motion at the time in question.")

The defendant contends that the proviso to Seattle Traffic Code 11.56.020(2), prohibiting the conviction of individ-

uals who have moved the vehicle safely off the road prior to being pursued by police, is an element of the offense which must be proved by the City beyond a reasonable doubt. The defendant concludes that, since proof of that element is not a required element of driving while intoxicated, physical control is not a lesser included offense.

The defendant presumes that the City must prove that the defendant did not move the vehicle safely off the roadway. However, the City may, within constitutional limits, place the burden of proving affirmative defenses upon the defendant. *Patterson v. New York,* 432 U.S. 197, 53 L. Ed. 2d 281, 97 S. Ct. 2319 (1977). Such a rule does not relieve the City of its burden of proving all of the elements of an offense beyond a reasonable doubt. *State v. Ziegler,* 19 Wn. App. 119, 575 P.2d 723 (1978).

■ The distinction between an "element" of a crime and an "affirmative defense" is not easy to draw. *See Criminal Law—Affirmative Defenses in the Washington Criminal Code—The Impact of Mullaney v. Wilbur, 421 U.S. 684 (1975),* 51 Wash. L. Rev. 953 (1976). The distinction is crucial in allocating proof burdens.

> The decisions are manifold that within limits of reason and fairness the burden of proof may be lifted from the state in criminal prosecutions and cast on a defendant. The limits are in substance these, that the state shall have proved enough to make it just for the defendant to be required to repel what has been proved with excuse or explanation, or at least that upon a balancing of convenience or of the opportunities for knowledge the shifting of the burden will be found to be an aid to the accuser without subjecting the accused to hardship or oppression. Cf. Wigmore, Evidence, Vol. 5, §§ 2486, 2512 and cases cited.

*Morrison v. California,* 291 U.S. 82, 88–89, 78 L. Ed. 664, 54 S. Ct. 281 (1933); *see also State v. Wilson,* 20 Wn. App. 592, 581 P.2d 592 (1978); *State v. Gerke,* 6 Wn. App. 137, 491 P.2d 1316 (1971).

It is the defendant who is able to present evidence that he moved the car off the roadway safely before being pur-

sued by police. The phrase "[n]o person may be convicted . . . if, prior to being pursued by a law enforcement officer, he has moved the vehicle safely off the roadway" assumes that the defendant was *driving under the influence* and *then* moved the car off the road. Seattle Traffic Code 11.56.020(2). It is up to the defendant in such a situation to present the evidence which will exculpate him. This affirmative defense is not available in the case of the intoxicated person who assumes physical control without *moving* a vehicle. This makes it clear that moving a vehicle safely off the road is not an element of the offense of being under the influence and in actual physical control of a vehicle but is rather an *excuse* permitted by the statute for otherwise culpable conduct.

Thus "physical control" being a lesser included offense of "driving while intoxicated," the trial court did not err in permitting amendment of the complaint, and of entering a finding of guilty based upon the stipulated facts.

Further, the amendment of the charge did not preclude the defendant from requesting a jury, and he may not complain of his trial to the court when he did not request a jury and stipulated to the essential elements of the lesser included offense.

The conviction is affirmed.

ANDERSEN, C.J., and RINGOLD, J., concur.

Reconsideration denied April 28, 1982.

Review by Supreme Court pending December 15, 1982.