LEANETTE JEAN ISOM, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 17519

June 30, 1989                                       776 P.2d 543

*Terri Steik Roeser,* State Public Defender and *Michael K. Powell,* Chief Appellate Deputy, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Noel S. Waters,* District Attorney and *Keith Loomis,* Deputy District Attorney, Carson City, for Respondent.

**OPINION**

By the Court, Mowbray, J.:

Appellant Leanette Isom appeals her third conviction for driving under the influence of alcohol (DUI) within seven years. Isom argues that she was not in "actual physical control" of her vehicle and is thus immune from prosecution for DUI. Isom also contends that she cannot be charged with felony DUI because the State failed to present evidence of her prior offenses. We disagree with Isom's claims and affirm her conviction.

On August 15, 1985, at approximately 11:30 p.m., a Carson City sheriff's deputy noticed a parked car near an empty telephone booth at a closed gas station. Suspecting a burglary, the deputy investigated and found Isom in the car behind the steering wheel slumped toward the passenger seat. The vehicle's headlights were out but its engine was running. Isom did not respond to the deputy's tapping on the window, so the deputy opened the door, turned off the engine and shook Isom until she awoke. Isom attempted to start the car and told the deputy she wanted to go home. The deputy smelled alcohol on Isom's breath and noticed a number of unopened cans of beer in the back seat and two open cans of beer beside Isom. The deputy arrested Isom when she failed four field sobriety tests. Isom's breathalizer test established a blood alcohol level of 0.24 percent, well over the statutory limit of 0.10 percent. NRS 484.379.

Isom was convicted of driving under the influence. At her sentencing hearing the State presented evidence that Isom had two prior DUI convictions but did not present evidence of the formal judgments of conviction. The State presented evidence that Isom pleaded nolo contendere to a DUI charge in 1982. As evidence of the 1982 conviction, the State presented the citation, Isom's signed statement in which she admitted that she had driven while intoxicated, and the testimony of the justice of the peace who accepted her plea. The State also presented evidence that Isom pleaded guilty to a charge of DUI in 1984. As evidence of that conviction, the State presented the complaint, Isom's guilty plea, and the sentence she received. The district court sentenced Isom for felony DUI. This appeal followed.

Isom contends that the State failed to prove she was in "actual physical control" of her car pursuant to NRS 484.379(1).[1] Specifically, Isom contends that she could not have been in actual physical control of her car because she was asleep.

For purposes of NRS 484.379 a person has actual physical control of a vehicle "when the person has existing or present bodily restraint, directing influence, domination, or regulation of the vehicle." Rogers v. State, 105 Nev. 230, 773 P.2d 1226 (1989). In *Rogers,* we provided several standards that triers of fact must consider in determining whether a driver was in actual physical control. *See Rogers,* 105 Nev. at 234, 773 P.2d at 1228.

Applying those standards, we hold that Isom was in actual physical control of her car. In particular, we note that the deputy found Isom asleep and in the driver's seat with the engine running. Although Isom managed to leave the highway and reached private property, she had driven there on a public highway. Furthermore, she could have returned to the highway at any moment. In fact, when the deputy awakened Isom, she attempted to restart her car and drive off. Therefore, we conclude that the judge correctly found that Isom was in actual physical control of her car. NRS 484.379.[2]

---

[1]NRS 484.379(1) provides:

It is unlawful for any person who:
(a) Is under the influence of intoxicating liquor; or
(b) Has a 0.10 percent or more by weight of alcohol in his blood, to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.

[2]There are at least two policies implicated in the instant case. The first, which we believe to be the policy currently implemented by Nevada law, places emphasis on not driving or placing oneself in a position to drive a vehicle while under the influence of alcohol. This policy is succinctly reflected in the highly publicized admonition, "If you drink, don't drive!" The second policy addresses the problem of the drinker who, while operating a vehicle, realizes that his driving ability is impaired. Such a policy provides incentive for intoxicated motorists to pull safely off the highway without fear of being arrested. *See* Wash. Rev. Code § 46.61.504 (1985) ("No person may be convicted under this section [DUI] if, prior to being pursued by a law enforcement officer, he has moved the vehicle safely off the roadway."). *See also* State v. Zavela, 666 P.2d 456, 459 (Ariz. 1983) ("it is reasonable to allow a driver, when he believes his driving is impaired, to pull completely off the highway, turn the key off and sleep until he is sober, without fear of being arrested for being in control.").

Any change or modification of the existing policy in favor of more lenient treatment for intoxicated motorists who voluntarily pull off the roads and highways prior to coming under the scrutiny of law enforcement authorities should be addressed by the legislature.

Isom also contends that the district court erred in sentencing her for felony DUI. Specifically, Isom contends that the State failed to present sufficient evidence of her prior DUI convictions pursuant to NRS 484.3792.

A person's third or subsequent conviction for DUI within seven years is punishable as a felony. *See* NRS 484.3792(2).[3] NRS 484.3792(2) provides that a prior offense is one that occurred within seven years of the principal offense. NRS 484.3792(2) requires that the facts concerning the prior offenses must be proven at the time of sentencing.

The State presented evidence that Isom had been charged and convicted of DUI offenses in 1982 and 1984. As evidence of these prior offenses the State presented the citation Isom received for the 1982 charge and her plea of nolo contendere; as evidence of the 1984 charge, the State presented the complaint, Isom's guilty plea and her sentence. This evidence was sufficient to establish that Isom had been convicted of two prior DUI violations within seven years of the principal offense. Accordingly, we affirm Isom's conviction for third offense (felony) DUI.

YOUNG, C. J., and STEFFEN, J., concur.

SPRINGER, J., concurring:

I agree with the dissent's saying that a person who is "fast asleep, lying across the front seat of a car parked in a vacant parking lot" cannot be in actual physical control of a motor vehicle. However, I think it is a valid inference to say that Isom, arrested in a very drunken condition, was probably intoxicated when she drove her vehicle on a public highway to the place where she pulled off, fell asleep and lay across the front seat. I think a trier of fact could properly find that Isom *had been,* on the

---

[3]NRS 484.3792 provides:

(1) Any person who violates the provisions of NRS 484.379:

. . . .

(c) For a third or subsequent offense within 7 years, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 6 years and must be further punished by a fine of not less than $2,000 nor more than $5,000. . . .

2. Any offense which occurred within 7 years immediately preceding the date of the principal offense or after the principal offense constitutes a prior offense for the purposes of this section when evidenced by a conviction, without regard to the sequence of the offenses and convictions. The facts concerning a prior offense must be alleged in the complaint, indictment or information, must not be read to the jury or proved at trial but must be proved at the time of sentencing and, if the principal offense is alleged to be a felony, must also be shown at the preliminary examination or presented to the grand jury.

evening in question, in actual physical control of her vehicle in an intoxicated condition. The time sequence, the high blood alcohol content, the presence of alcohol in her car and the circumstances surrounding her arrest all lead to this conclusion. Further, at the time of her arrest, when Isom tried to start her car and announced to the deputy that she intended to drive home, she was, in my mind, exercising some degree of actual physical control over the vehicle, such control as to subject her to prosecution and conviction.

Insofar as the policy choices mentioned in the dissent are concerned, I agree with the majority that these matters are better left to the legislative branch of government.

Rose, J., dissenting:

The criteria set forth in Rogers v. State, 105 Nev. 230, 773 P.2d 1226 (1989), for determining whether a person is in actual physical control of a parked vehicle and the standards as were applied in Bullock v. State, 105 Nev. 326, 775 P.2d 225 (1989), coupled with a reasonable consideration of the two major policy considerations stated by the majority, lead me to conclude that Isom was not in actual physical control of her vehicle. Someone fast asleep, lying across the front seat of a car parked in a vacant parking lot should not be considered to be in actual physical control of the vehicle. I believe this to be so even if the vehicle's headlights were on and the motor was running.

Isom's car was parked in the lot of a closed garage. When officers observed the vehicle, it appeared that no one was in it. Upon approaching the vehicle, the officers observed Isom lying on her side across the seat. According to the officers, most of her left side was in contact with the seat. She was very difficult to awaken. To her discredit, when awakened she attempted to start the vehicle and stated she wanted to go home.

I see no real difference from the facts of this case and those presented in *Bullock*. In *Bullock,* the vehicle was parked in the parking lot of a bar that apparently was open for business; and Bullock was in the driver's seat in a reclined position. Here, Isom was lying across the front seat of a vehicle that was parked in a vacant parking lot of a closed business. Bullock did not attempt to drive his vehicle when awakened, but Isom did.

If there is a difference between *Bullock* and this case it is that Isom stated that she had driven her vehicle to the location that night. There is no evidence, however, to establish when she drove the vehicle to the vacant lot, or whether she was intoxicated when she did so. It could be that Isom realized she was too intoxicated to drive and pulled into the lot to remove her vehicle from the highway and to get some sleep. It also could be that she was not

legally intoxicated when she pulled into the vacant lot, but thereafter proceeded to drink the beers at the location while in the vehicle. All of the foregoing, however, is mere speculation.

Other courts have warned against such speculation in cases involving whether an intoxicated person was in actual physical control of the vehicle. *See, e.g.,* Thomas v. State, 353 A.2d 256 (Md. 1976); State v. Stanford, 108 A.2d 516 (Vt. 1954). In each case, we are reminded that these are criminal cases, that the State has the burden of proving guilt beyond a reasonable doubt, and that nothing is to be presumed about the conduct of the accused.

The majority opinion here clearly identifies two policy considerations that arise in cases such as this. The first is that if you drink and drive, there will be substantial criminal sanctions. The second is to encourage those people who realize their driving is impaired to pull from the roadway. The latter policy consideration is promoted by not imposing criminal sanctions on such conduct. When, however, such conduct is not encouraged to some degree, many will elect not to pull over, and will instead make a dash for home, hoping to be lucky in not having an accident or an encounter with law enforcement. While both policies are commendable, the majority opinion accepts the first but refuses to recognize the second.

I believe there should be equal recognition of both policies and the facts of each case should be analyzed accordingly. In this case, it is significant that Isom pulled off the highway and shoulder of the road and parked her vehicle in a vacant private lot. In that position, she had removed herself as a threat to the traveling public. Despite her commendable action, she is now punished.

For the reasons stated, I believe that Leanette Isom, sound asleep on the front seat of a vehicle parked in a vacant lot of a closed business, was not in actual physical control of the vehicle when arrested. Accordingly, I dissent from the majority's opinion.[1]

---

[1]THE HONORABLE ROBERT E. ROSE, Justice, participated in the decision of this matter on the record, briefs and recording of the oral argument.