[No. 19910-0-III. Division Three. December 20, 2001.]

THE STATE OF WASHINGTON, *Petitioner*, v. DANIEL C. VOTAVA, *Respondent*.

531

*Steven J. Tucker, Prosecuting Attorney*, and *Brian C. O'Brien, Deputy*, for petitioner.

*Scott R. Staab*, for respondent.

KATO, J. — The State has obtained discretionary review of a superior court order reversing Daniel Votava's conviction for being in physical control of a vehicle while under the influence of liquor. The State contends the superior court erroneously concluded Mr. Votava should have been permitted to present to the jury an affirmative defense under RCW

46.61.504(2) that the vehicle had been moved safely off the roadway, even though he personally did not drive the vehicle there. We agree and reverse.

A Washington State Patrol trooper saw Mr. Votava's vehicle, with its engine running and its headlights on, in a Spokane parking lot at about 1 A.M. on April 17, 1999. The vehicle was illegally parked, with its nose on the curb of the roadway. Mr. Votava was asleep in the driver's seat. The trooper awakened Mr. Votava, conducted a field sobriety test, and concluded he was under the influence of alcohol. Breath tests later confirmed that conclusion.

Mr. Votava testified he had been drinking at a bar with friends earlier that evening. He left the bar with a friend, who drove his car while he rode in the passenger seat. The friend drove the car into the parking lot, where she had parked her own car earlier, and left Mr. Votava there. Mr. Votava testified he then realized the friend had left the driver's-side door open, so he walked around to the driver's side of the vehicle, got in, closed the door, reclined the seat, and waited for his son to get home so he could call for a ride. The next thing he remembered was being awakened by the trooper.

Mr. Votava was charged with being in physical control of a vehicle while under the influence of liquor. At trial, the district court declined to instruct the jury on the affirmative defense of RCW 46.61.504(2), which provides that a person may not be convicted of the crime "if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway."

A jury convicted Mr. Votava, and he appealed to the superior court. The superior court reversed the conviction and remanded for retrial, holding the district court had erred in declining to instruct the jury on the affirmative defense. The court reasoned:

[M]y view is that there's nothing in the statute to preclude the defendant's interpretation of this affirmative defense. The defendant is correct that the defense doesn't say, "and the

defendant drove the motor vehicle off the roadway." It says, "The vehicle was moved off the roadway." And, theoretically, there are a number of different scenarios that one can think of where the defendant directed the movement of the car by either another driver or perhaps another car or a tow truck or something of that nature that got the vehicle safely off the roadway without the defendant actually physically being behind the wheel and driving. So I think in this case that the defendant has demonstrated enough facts in this case to allow the jury to consider whether or not he is entitled to this statutory defense.

Now, whether they think he was off the . . . roadway safely is up to them to determine, but at least he has the opportunity to present that defense to them for their consideration. And the fact that he physically did not move the car off the road, but someone under his direction did, should not preclude him from doing that. I see no basis in the statute to require that.

Clerk's Papers (CP) at 227-28.

This court's commissioner granted the State's motion for discretionary review, noting that the superior court's decision conflicted with dictum in *McGuire v. City of Seattle*, 31 Wn. App. 438, 642 P.2d 765 (1982), *review denied*, 98 Wn.2d 1017 (1983),[1] and there was no other case law on the issue.

RCW 46.61.504 provides in pertinent part:

(1) A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if the person has actual physical control of a vehicle within this state:

(a) And the person has, within two hours after being in actual physical control of the vehicle, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or

---

[1] The issue in *McGuire* was whether "physical control" is a lesser included offense of driving while intoxicated. 31 Wn. App. at 441. In dictum, the court noted that, under a provision of the Seattle Municipal Code identical to the provision here, the "affirmative defense is not available in the case of the intoxicated person who assumes physical control without moving a vehicle." 31 Wn. App. at 444 (emphasis omitted).

(b) While the person is under the influence of or affected by intoxicating liquor or any drug; or

(c) While the person is under the combined influence of or affected by intoxicating liquor and any drug.

(2) The fact that a person charged with a violation of this section is or has been entitled to use a drug under the laws of this state does not constitute a defense against any charge of violating this section. *No person may be convicted under this section if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway.*

(Emphasis added.)

 Interpretation of a statute is a question of law, and the court's review is de novo. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). At issue here is the meaning of the italicized portion of subsection (2).

Courts should assume the Legislature means exactly what it says. Plain words do not require construction. The courts do not engage in statutory interpretation of a statute that is not ambiguous. If a statute is plain and unambiguous, its meaning must be derived from the wording of the statute itself. A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable. The courts are not "obliged to discern any ambiguity by imagining a variety of alternative interpretations."

*Id.* at 276-77 (footnotes omitted) (quoting *W. Telepage, Inc. v. City of Tacoma, Dep't of Fin.*, 140 Wn.2d 599, 608, 998 P.2d 884 (2000)). The meaning of an unambiguous statute must be derived from the words of the statute alone. *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997).

 The superior court clearly was wrong when it stated the statute provides an affirmative defense if "[t]he vehicle was moved off the roadway." CP at 227. Subsection (2) permits the defense for a person only if "*the person* has moved the vehicle safely off the roadway." RCW 46.61.504(2) (emphasis added). The statute unambiguously requires that the person asserting the defense be the same person who moved the vehicle. Because there is no evidence

Mr. Votava moved the vehicle to the place where the trooper found it, the defense is not available to him.[2]

Mr. Votava also contends the statute violates equal protection under the Fourteenth Amendment of the United States Constitution and article I, section 12 of the Washington Constitution. He did not raise this issue in any prior proceedings, either with the district court, the superior court, or in opposing this court's discretionary review. *See* RAP 2.4(a) (Court of Appeals will grant affirmative relief to respondent only (1) if respondent also files notice of appeal or discretionary review, or (2) if demanded by necessities of case); *see also State v. Barker*, 143 Wn.2d 915, 919, 25 P.3d 423 (2001) (under RAP 13.4(d), respondent must raise in an answer to petition for review any issue that respondent wants Supreme Court to address).

■ ■ We nevertheless will address Mr. Votava's equal protection argument, which lacks merit. He contends the statute violates his rights to equal protection because it unfairly discriminates between persons who personally move vehicles safely off the roadway and those who direct others to move vehicles off the roadway. Unless a statute's classification involves a suspect or semisuspect class or a fundamental or important right, it is reviewed under the "rational basis" test. *State v. Heiskell*, 129 Wn.2d 113, 123-24, 916 P.2d 366 (1996). Mr. Votava concedes the "rational basis" test is appropriate here. Under this level of scrutiny, "a legislative classification is presumed constitutional and will be upheld unless it rests on grounds wholly irrelevant to legitimate state objectives." *State v. Marsh*, 106 Wn. App. 801, 809, 24 P.3d 1127 (2001).

■ The statutory defense here distinguishes between persons who personally move vehicles safely off the roadway and those who direct others to do so. A person who

---

[2] Mr. Votava points out that, to establish the defense, a person would have to demonstrate that he actually *drove* the vehicle, which would make him guilty of the greater crime of driving while intoxicated under RCW 46.61.502. Because RCW 46.61.502 contains no similar affirmative defense for moving the vehicle safely off the roadway, Mr. Votava observes, the affirmative defense at issue here is essentially meaningless. Because the statute is unambiguous and not subject to judicial construction, the inconsistency must be resolved by the Legislature.

personally moves a vehicle safely off the roadway is favored as an incentive to avoid danger to the driving public. *See State v. Day*, 96 Wn.2d 646, 649 n.4, 638 P.2d 546 (1981) (intoxicated person no longer poses threat to public once he is safely off roadway). However, a person who directs another person to move a vehicle off the roadway, but who then regains actual physical control of the vehicle, remains a threat to the public because the act of regaining control suggests an intent to move the vehicle back onto the roadway. The statutory classification thus is rationally related to a legitimate state objective and is not unconstitutional on this ground.

We reverse the superior court's decision and reinstate the district court's judgment and sentence.

KURTZ, C.J., concurs.

SCHULTHEIS, J. (dissenting) — Our primary objective in interpreting a statute is to determine and give effect to the intent of the Legislature. *In re Det. of A.S.*, 138 Wn.2d 898, 911, 982 P.2d 1156 (1999). As the majority notes, to determine intent, we look to the plain words of the statute. *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001). However, the words of a provision must be read in the context of the legislation as a whole, and the spirit and intent of the law should prevail over the letter of the law. *King County v. Cent. Puget Sound Growth Mgmt. Hearings Bd.*, 142 Wn.2d 543, 560, 14 P.3d 133 (2000); *A.S.*, 138 Wn.2d at 911.

RCW 46.61.504 criminalizes the conduct of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug. The statute also provides that no person may be convicted of being in physical control of a vehicle while intoxicated if the person "has moved" the vehicle "safely" off the roadway. RCW 46.61.504(2). The overall purpose of the statute is to deter intoxicated drivers from taking control of a vehicle and

putting it in a position that poses a danger to the public. *State v. Reid*, 98 Wn. App. 152, 161, 988 P.2d 1038 (1999).

This Division has defined "actual physical control" of a vehicle as being in the position to regulate the vehicle's movements or as having the authority to manage the vehicle. *City of Sunnyside v. Wendt*, 51 Wn. App. 846, 849-50, 755 P.2d 847 (1988). Nowhere in this definition is the person required to *drive* the vehicle. Further, while exercising the authority to manage the vehicle, an intoxicated person may avoid culpability by moving—not *driving*—the vehicle safely off the roadway. If the Legislature had intended that this affirmative defense would be limited to people who personally *drive* their cars off the roadway, it would have written so.

Considering the intent of the Legislature to deter intoxicated drivers from taking control of a vehicle, it makes little sense that RCW 46.61.504(2) should be interpreted to require an intoxicated person to personally drive his or her vehicle to a safe location. I would hold that neither the language of the statute nor the expressed intent of the Legislature warrants such an interpretation. Accordingly, I dissent.