[No. 26692-0-II.   Division Two.   November 1, 2002.]

THE CITY OF TACOMA, *Respondent*, v. RICHARD BELASCO, *Petitioner*.

*Steven J. Krupa* (of *Krupa & Clark, P.S.*), for petitioner.

*Robin S. Jenkinson, City Attorney*, and *Anne Marsh Crowley, Assistant*, for respondent.

QUINN-BRINTNALL, A.C.J. — A jury convicted Richard Belasco of being in physical control of a vehicle while intoxicated, a violation of RCW 46.61.504. Belasco appealed, claiming the trial court erred when it refused to instruct the jury on the statutory affirmative defense that his vehicle was safely off the roadway. We granted discretionary review of the superior court's order affirming his conviction.[1]

Holding that the "safely-off-the-roadway" defense to the crime of being in physical control of an automobile does not require that the defendant drive the vehicle while intoxicated before moving it safely off the roadway, we reverse and remand for a new trial.

## FACTS

Tacoma city police officer Sandra Hawkins found Belasco asleep in his car one evening in early December 1999. He was parked on South 54th Street near the South Tacoma Way intersection outside the Airport Tavern. The car was

---

[1] The superior court denied Belasco's RALJ appeal on November 17, 2000. We granted Belasco's petition for discretionary review on July 2, 2001.

not running, but Hawkins testified that Belasco's keys were in the ignition.

At trial, Belasco did not dispute that he was intoxicated and stipulated to the blood alcohol concentration (BAC) test results showing that his blood alcohol level was .195 and .202. *See* Clerk's Papers (CP) at 49 (stipulation to admissibility of the BAC ticket and that Belasco's ability to operate a vehicle "was affected by the use of alcohol to an appreciable degree").

Belasco's defense was that his car was "safely off the roadway," an affirmative defense to being in physical control of a vehicle under RCW 46.61.504(2). Belasco testified that he realized he was too drunk to drive when he left the tavern and got in his car, so he decided to sleep it off.

Belasco asked the court to give the following instruction:

You are instructed that RCW 46.61.504 reads in pertinent part as follows:

"46.61.504 PHYSICAL CONTROL WHILE UNDER THE INFLUENCE"

(1) A person commits the crime of being in actual physical control while under the influence when he or she has actual physical control of a motor vehicle in the City of Tacoma:

(a) The Defendant stipulates and admits that his alcohol concentration was over 0.08 within two (2) hours of being in actual physical control; and

(b) The Defendant further admits that he was under the influence or affected by intoxicating liquor.

(2) The fact that a person is or has been entitled to use such drug under the laws of this state shall not constitute a defense. *No person may be convicted of being in actual physical control while under the influence if he or she has moved the vehicle safely off the roadway before being pursued by a law enforcement officer.*

Municipal Court defense proposed instruction 5 (emphasis added).

Citing *McGuire v. City of Seattle*, 31 Wn. App. 438, 642 P.2d 765 (1982), *review denied*, 98 Wn.2d 1017 (1983), the

city objected to including the emphasized language that explained the statutory affirmative defense.

The trial court agreed with the city's argument: To benefit from the affirmative defense, a driver must first be driving under the influence and *then* move his vehicle to a safe place off the road. The court struck the affirmative defense language from the instruction.

## ANALYSIS

STANDARD OF REVIEW

■ The appropriate standard for our review depends on whether the trial court's refusal to give the proposed jury instruction was based on a matter of law or fact. *State v. Walker*, 136 Wn.2d 767, 771, 966 P.2d 883 (1998). A trial court's refusal to give a requested instruction, when based on the facts of the case, is a matter of discretion that this court will not disturb on review absent a clear showing of abuse of discretion. *Walker*, 136 Wn.2d at 771-72. But when a trial court's decision regarding a jury instruction is based on a ruling of law, we review the ruling de novo. *Walker*, 136 Wn.2d at 772.

Here, the trial court relied on *McGuire*, a Division One decision interpreting RCW 46.61.504, and rejected Belasco's "safely-off-the-roadway" defense. Thus, we review its ruling de novo.

Washington's physical control statute provides that

(1) A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if the person has actual physical control of a vehicle within this state:

(a) And the person has, within two hours after being in actual physical control of the vehicle, an alcohol concentration of 0.08 or higher . . . ; or

(b) While the person is under the influence of or affected by intoxicating liquor or any drug; or

(c) While the person is under the combined influence of or affected by intoxicating liquor and any drug.

(2) The fact that a person charged with a violation of this section is or has been entitled to use a drug under the laws of this state does not constitute a defense against any charge of violating this section. *No person may be convicted under this section if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway.*

RCW 46.61.504 (emphasis added).

█ The city argues that we need not resort to statutory construction as the language of the statute is plain; we agree. We derive the meaning of an unambiguous statute from the words of the statute alone. *State v. Chester*, 133 Wn.2d 15, 21, 940 P.2d 1374 (1997). However, in our view, a plain reading of the statute supports Belasco.

█ The language at issue reads, "No person may be convicted under this section if, *prior to being pursued by a law enforcement officer, the person has moved the vehicle safely* off the roadway." RCW 46.61.504(2) (emphasis added). Relying on *McGuire*, the city argues that moving the vehicle safely off the roadway is an element that Belasco's evidence could not establish because he admitted that he did not move the car once he became intoxicated.

But the statute requires only that the defendant move the vehicle before being pursued by a law enforcement officer. The statute does not address the timing of the intoxication; it addresses the timing of moving the car in relation to pursuit by law enforcement. Under a plain reading of the statute, Belasco was entitled to present the safely-off-the-roadway defense to the jury. The trial court erred in imposing as a condition of the defense that Belasco must have driven while intoxicated before moving his car safely off the roadway.

Moreover, we are unable to accept the city's argument: To be eligible to use the safely-off-the-roadway affirmative defense, the defendant must first drive any amount of distance while intoxicated before moving the car safely off the roadway. Under the city's theory, to be eligible to assert

the affirmative defenses, a defendant would have to prove that he first drove while intoxicated, a greater crime than that with which he is charged, and then prove that he moved the car safely off the roadway before law enforcement pursued him. *See Kastigar v. United States*, 406 U.S. 441, 444, 92 S. Ct. 1653, 32 L. Ed. 2d 212 (1972) (observing that Fifth Amendment privilege against compulsory self-incrimination "reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty"); *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970) ("the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"); *State v. Foster*, 91 Wn.2d 466, 473, 589 P.2d 789 (1979) (explaining that article I, section 9 of Washington's Constitution should be given the same interpretation as the Fifth Amendment).

We are aware that the trial court relied on *McGuire* to support its ruling,[2] and the *McGuire* facts are strikingly similar: The defendant was arrested when discovered sitting behind the controls of a parked car. *McGuire*, 31 Wn. App. at 439. The keys were in the ignition, and McGuire

---

[2] In ruling, the trial court stated

what I found to be particularly telling was towards the end of the [*McGuire*] opinion, and it, they are talking about the difference between an affirmative defense and an element of the crime, so to speak, and they're indicating the phrase, "No person may be convicted if prior to being pursued by a law enforcement officer, he has moved the vehicle safely off the road," assumes that the defendant was driving under the influence and then moved the car off the road. "It is up to the defendant in such a situation to present the evidence which will exculpate him. This affirmative defense is not available in the case of an intoxicated person who assumes physical control without moving a vehicle. This makes it clear that moving a vehicle safely off the road is not an element of the offense . . . but is rather an excuse permitted by the statute for otherwise culpable conduct." And in this particular case, from my review of the testimony of the Defendant, he indicates that he came from the Airport Tavern, got into his vehicle, realized that he was too intoxicated to drive, and then fell asleep. Now, there are some issues as to whether or not he had the keys, were in his pocket or in the ignition or, or those things, but at this point in time, I agree with the City . . . .

Report of Proceedings (RP) (Mar. 3, 2000) at 38-39.

stipulated at trial that he was intoxicated. *McGuire*, 31 Wn. App. at 439.

But McGuire was charged with driving while intoxicated, not physical control. The issue before the *McGuire* court was not whether the defendant was entitled to an instruction on the affirmative defense of being in physical control while intoxicated. Rather the issue was whether the trial court erred in allowing the prosecution to amend the defendant's citation from "driving while intoxicated" to "physical control" when it realized that it could not prove the driving element of the charge. *See McGuire*, 31 Wn. App. at 439-40.

The *McGuire* court's discussion of whether the "safely-off-the-roadway" phrase is an element or an affirmative defense is relevant to whether physical control is a lesser included offense of driving while intoxicated. But it is irrelevant for determining whether McGuire, or any defendant in a physical control case, is entitled to present the defense. Moreover, *McGuire* does not explain why the statute's language "assumes that [the legislature contemplated that] the defendant was *driving under the influence* and *then* moved the car," resulting in the defense being unavailable "in the case of the intoxicated person who assumes physical control without *moving* a vehicle." *See McGuire*, 31 Wn. App. at 444. And we do not believe that it does. As noted above, a plain reading of the statute does not support that assumption, and such a reading leads to the absurd result that a defendant seeking to offer the "safely-off-the-roadway" defense to a charge of physical control must first prove that he had earlier been driving while intoxicated.

Thus, we hold that a defendant need not have been driving while intoxicated in order to be eligible to assert the "safely-off-the-roadway" statutory defense to a charge of physical control. The trial court erred in prohibiting

Belasco from arguing this defense to the jury. Therefore, we reverse the conviction and remand for further proceedings.

HOUGHTON and ARMSTRONG, JJ., concur.