66 P.3d 1050 (2003)
149 Wash.2d 178
STATE of Washington, Respondent,
v.
Daniel VOTAVA, Petitioner.
No. 72238-2.
Supreme Court of Washington, En Banc.
Argued January 16, 2003.
Decided April 17, 2003.
*1051 Phelps & Associates, Scott Staab, Douglas Phelps, Spokane, for Petitioner.
Steven Tucker, Spokane County Prosecutor, Brian O'Brien, Deputy, Spokane, for Respondent.
IRELAND, J.
Defendant Daniel Votava claimed error in his jury trial conviction for actual physical *1052 control of a vehicle while under the influence of alcohol. At trial, the district court judge refused to instruct the jury regarding the defense of moving the vehicle safely off the roadway because Votava did not personally drive it off the roadway. Because the trial court erred in refusing the instruction, we reverse and remand for a new trial.

FACTS
According to his trial testimony, Votava went drinking with friends at the Goodtimes Pub in Spokane in mid-April 1999. Afterward, he agreed to give his friend a ride to her car, but he said he let her drive because he felt ill. During the ride to her car, Votava suddenly thought he was going to be sick. He testified that when he asked her to pull over, she stopped in a parking lot not far from another lot in which she had left her car, and he got out. Votava testified that when he climbed back into the passenger's seat, he noticed that his friend had not closed the driver's side door when she left for her car. Therefore, he walked around to the driver's seat, reclined the seat, and went to sleep. Votava said he intended to wait there until he could call his son.
A state trooper noticed the car parked facing into traffic in the parking lot's driveway but did not approach it at first. After another motorist told him she could not see a driver in Votava's car, the trooper returned to investigate. The lights were on, and the engine was running. The trooper woke Votava, who admitted he had been drinking. The trooper administered a field sobriety test, which Votava failed. Votava agreed to breath testing; his alcohol concentration registered at .166 and .170. The trooper arrested Votava for driving under the influence of alcohol (DUI) in violation of RCW 46.61.502. Because it had no evidence that Votava had driven his car, the State amended the charge to actual physical control of a vehicle under the influence of alcohol under RCW 46.61.504.

PROCECURAL HISTORY
At trial before the Spokane County District Court, Votava requested that the court instruct the jury regarding the defense of moving the vehicle safely off the roadway under RCW 46.61.504(2). The court refused to instruct because there was no evidence that the defendant had personally driven the car off the roadway. The jury returned a guilty verdict. The superior court reversed the district court and remanded for a new trial. The State appealed, and the Court of Appeals, Division Three reversed and reinstated the judgment and sentence.

ISSUE
Is a defendant who has been charged with being in physical control of a vehicle while under the influence of alcohol entitled to the defense found in RCW 46.61.504(2) that the defendant "has moved the vehicle safely off the roadway" if the defendant did not personally drive the vehicle off the roadway?

ANALYSIS
At trial, Votava requested that the trial court instruct the jury regarding the defense under RCW 46.61.504(2), which states:
No person may be convicted [of actual physical control of a motor vehicle while under the influence of intoxicating liquor] under this section if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway.
RCW 46.61.504(2) (emphasis added). The trial court ruled against the defense instruction based on McGuire v. City of Seattle, 31 Wash.App. 438, 642 P.2d 765 (1982). In McGuire, the issue was whether actual physical control while under the influence is a lesser included offense of DUI. 31 Wash.App. at 441, 642 P.2d 765. The McGuire court concluded that it is, and that moving the vehicle safely off the roadway is an affirmative defense to actual physical control. Id. at 443-44, 642 P.2d 765. It went on to state, in what the parties agree is dicta, "This affirmative defense is not available in the case of the intoxicated person who assumes physical control without moving a vehicle." Id. at 444, 642 P.2d 765. The trial judge quoted this language, explaining his refusal to give Votava's requested instruction:

*1053 [T]he line of this affirmative defense is not available in the case of the intoxicated person assumes [sic] physical control without moving the vehicle, to me it takes that defense out of the case.... I have not included [the defense instruction] based on McGuire, I don't think affirmative defense applies in this case.... I am not going to permit that defense to be raised on the McGuire case because I don't think it is appropriate given that language. Initially I thought it was something that could go to the jury, but after reading that, I don't believe it is appropriate.
Clerk's Papers (CP) at 170-71.
On appeal, the superior court held that the defense was not precluded by the fact that the defendant did not drive the car because "the defense doesn't say `and the defendant drove the motor vehicle off the roadway.' It says, `The vehicle was moved off the roadway.' " CP at 227. The Court of Appeals reversed, holding that RCW 46.61.504(2) requires the person asserting the defense to be the person who drove the vehicle. Because Votava did not drive, the Court of Appeals held that he could not assert the defense. State v. Votava, 109 Wash.App. 529, 534-35, 37 P.3d 296 (2001).
At the heart of this case is the meaning of the language in RCW 46.61.504(2), "the person has moved the vehicle." We review a question of statutory construction de novo. City of Pasco v. Pub. Employment Relations Comm'n, 119 Wash.2d 504, 507, 833 P.2d 381 (1992). We have the ultimate authority to determine a statute's meaning. State v. Elgin, 118 Wash.2d 551, 555, 825 P.2d 314 (1992). Unless a statute is ambiguous, we must derive its meaning from the actual statutory language, and language not defined in the statute is given its ordinary meaning. State v. Smith, 117 Wash.2d 263, 270-71, 814 P.2d 652 (1991).
The language "the person has moved the vehicle" is clear and not defined by statute. Therefore, we consider its ordinary meaning, which we conclude can encompass methods other than driving. Therefore, we reject the State's argument that the statutory language requires that the defendant drive the car in order to assert the defense. Such a construction would require us to change the language from "has moved" to "has driven."
"Has moved" in RCW 46.61.504(2) means something different from "has driven," and a person may move a vehicle without driving it. See Votava, 109 Wash.App. at 537, 37 P.3d 296 (Schultheis, J., dissenting). Votava moved the vehicle off the roadway when he directed his friend to drive into the parking lot. Such a construction is consistent with the courts' understanding of the offense. An officer may charge actual physical control of a vehicle when a person is in the position to control the movement or lack of movement of the vehicle. See State v. Beck, 42 Wash.App. 12, 15, 707 P.2d 1380 (1985). When the evidence gives rise to a reasonable inference that the vehicle was where it was by a person's choice, that person is in actual physical control of the vehicle. State v. Smelter, 36 Wash.App. 439, 445, 674 P.2d 690 (1984). A person may be in actual physical control even if someone else is driving. See, e.g., In re Arambul, 37 Wash.App. 805, 808, 683 P.2d 1123 (1984) (affirming negligent homicide conviction of passenger who was in actual physical control when she grabbed the steering wheel). Driving is not an element of the offense, nor should it be required for the defense.
Allowing a defendant who did not drive to present the defense better advances the purposes of the statute. The language of a statute should be construed to carry out, rather than defeat, the statute's purpose. See Miller v. Paul Revere Life Ins. Co., 81 Wash.2d 302, 310, 501 P.2d 1063 (1972). The actual physical control statute was enacted to protect the public by (1) deterring anyone who is intoxicated from getting into a car except as a passenger, and (2) enabling law enforcement to arrest an intoxicated person before that person strikes. Smelter, 36 Wash.App. at 444, 674 P.2d 690.
If a person is required by law to drive while intoxicated before invoking the defense, as the Court of Appeals held and the State argues, the purposes of the statute are defeated. First, someone who personally *1054 drives off the road has done precisely what the statute seeks to prevent by getting into the vehicle as a driver, rather than as a passenger. Second, that person has not been arrested before he or she could strike. However, if the defense is available to a person who directs another to drive the vehicle off the roadway, the statutory purposes are advanced. Votava had only been a passenger before his car was moved into the parking lot. Moreover, the state trooper was able to arrest him before he drove.[1]
The State cites an out-of-jurisdiction case in support of its argument that a person must personally drive the vehicle safely off the roadway. The Supreme Court of Nevada, in a footnote, purports to announce the purpose of the defense in RCW 46.61.504(2). Isom v. Nevada, 105 Nev. 391, 776 P.2d 543, 545 n. 2 (1989). According to the Isom court, the defense "addresses the problem of the drinker who, while operating a vehicle, realizes that his driving ability is impaired" and "provides incentive for intoxicated motorists to pull safely off the highway without fear of being arrested." Id. (emphasis added). We are not bound by the Nevada court's interpretation of Washington statutes. This court's only statement regarding the purposes for the defense contains no driving requirement: "Once the person [in actual physical control of a vehicle] is safely off the roadway he is no longer posing a threat to the public...." State v. Day, 96 Wash.2d 646, 649 n. 4, 638 P.2d 546 (1981).[2] Moreover, the Nevada court analyzed the defense this way because it mistakenly believed that RCW 46.61.504(2) is a defense to driving while under the influence. Isom, 776 P.2d at 545 n. 2. No such defense exists. See RCW 46.61.502.
Under the Court of Appeals' reading, the defendant who did not personally drive the vehicle off the road has no recourse to the defense. However, the actual physical control defendant who admits to driving the vehicle off the road might be charged with DUI under RCW 46.61.502 and, if so charged, would have no recourse to the defense. The defense would not be available to the defendant in either case. We decline to adopt a reading that renders the defense superfluous. See Cox v. Helenius, 103 Wash.2d 383, 387-88, 693 P.2d 683 (1985).
Recently, the Court of Appeals, Division Two reviewed this defense. City of Tacoma v. Belasco, 114 Wash.App. 211, 56 P.3d 618 (2002). In Belasco, the defendant determined that he was too drunk to drive when he exited a bar. He decided not to leave the bar's parking lot. A city police officer found him there, asleep in his car, and charged him under RCW 46.61.504. The trial court judge, relying on McGuire, would not give the defense instruction because Belasco did not drive the car into the parking lot after he was intoxicated. On appeal, Division Two rejected the same argument advanced by the State here: "Under the City's theory, to be eligible to assert the affirmative defenses, a defendant would have to prove that he first drove while intoxicated, a greater crime than that with which he is charged, and then prove that he moved the car safely off the roadway...." Belasco, 114 Wash.App. at 215-16, 56 P.3d 618. It held that the defendant could use the defense although he had not driven while intoxicated. Id. at 215, 56 P.3d 618.[3]
*1055 The same reasoning applies here. The State did not have evidence that Votava drove, which is why it amended the charge to the lesser offense. Under Division Three's reading in this case, Votava would be forced to prove that he had driven the car, the very evidence the State could not produce. A defendant who must prove the more serious crime of driving while under the influence runs the risk of taking the case out of the actual physical control statute where the defense exists and being charged with DUI for which the defense is not available.
Making the defense available only to the defendant who personally drove the vehicle off the roadway creates an incentive for intoxicated persons to drive. A statute must not be construed in such a way as to render "unlikely, absurd, or strained" results. Elgin, 118 Wash.2d at 555, 825 P.2d 314. Requiring that a person endanger the public by committing a more serious crime before being allowed to argue that he or she moved the vehicle safely off the roadway is just such a result. In Votava's case, he would have had to drive out of the parking lot, travel on the public road, and then pull safely off the roadway.
Finally, we reject the argument that because Votava took control after the car was off the roadway, the defense is not available to him. The Court of Appeals stated that "a person who directs another person to move a vehicle off the roadway, but who then regains actual physical control of the vehicle, remains a threat to the public because the act of regaining control suggests an intent to move the vehicle back onto the roadway." Votava, 109 Wash.App. at 536, 37 P.3d 296.[4] This argument fails to dispose of the issue. It goes to the elements of the charge, rather than the defense. The very nature of this affirmative defense is that, although the State can prove every element of the actual physical control charge, acquittal is appropriate if the defendant can show, by a preponderance of the evidence, that the defendant moved the vehicle safely off the roadway. See State v. Riker, 123 Wash.2d 351, 367-68, 869 P.2d 43 (1994) (affirmative defense admits defendant committed criminal act but pleads an excuse).
In addition, timing is not material to the defense inquiry, except to the extent that the person moved the vehicle prior to being pursued by a law enforcement officer. RCW 46.61.504(2). Probable cause to arrest a person under RCW 46.61.504 may exist after that person moved the vehicle off the roadway in many cases. For instance, if a driver pulls off the roadway upon realizing that her driving ability is impaired and stays behind the wheel, she is in actual physical control after moving the vehicle. If a person gets into the driver's seat of his parked vehicle and decides not to drive, he is in actual physical control after moving the vehicle. See Belasco, 114 Wash.App. 211, 56 P.3d 618. The timing alone does not preclude their use of the defense.
Moreover, it is illogical to draw a distinction between the person who remains in control after personally driving off the roadway as opposed to the person who regains control after the car has been moved off the road at his direction. There is no meaningful difference between the danger posed by the persons in these two situations. Both persons arguably demonstrate an intention to return to the roadway. Both arguably may be charged with actual physical control. Both may present the defense to the jury, whose province it is to determine whether the facts and circumstances exculpate the defendant.

CONCLUSION
We hold that a defendant who has been charged with being in physical control of a vehicle while under the influence of alcohol is entitled to the defense found in RCW 46.61.504(2) if the defendant caused the vehicle to be moved off the roadway even if the defendant did not personally drive the vehicle off the roadway. To the extent that McGuire, 31 Wash.App. at 444, 642 P.2d 765, stands for the opposite proposition, it is *1056 overruled. Therefore, we reverse the Court of Appeals and remand for a new trial.
JOHNSON, SANDERS, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.
MADSEN, J., concurring.
I agree with the majority that the trial court's refusal to instruct the jury on the defense of safely moving a vehicle off the roadway was erroneous because it was based upon an incorrect legal interpretation of RCW 46.61.504(2), i.e., that the defendant must personally drive the vehicle. It is possible that an alternate ground exists for refusing to give the instruction, however.
Generally, the question whether a vehicle is safely off the roadway is a question of fact for the trier of fact. City of Edmonds v. Ostby, 48 Wash.App. 867, 870, 740 P.2d 916 (1987). The parties agree on the following facts: Once the passenger left the car and Mr. Votava moved into the driver's seat and fell asleep, the vehicle was parked facing traffic in the parking lot's driveway, and appeared to be partially on a sidewalk. The car's lights were on and the engine was running.
Under similar facts, the Court of Appeals in Ostby affirmed the district court's determination in a stipulated facts trial that the vehicle in that case was not safely off the roadway. The vehicle was in a parking lot with its headlights on, the engine was running, and the transmission was in drive. Id. at 868, 740 P.2d 916. The car was situated in the middle of the roadway blocking access to adjoining parking areas and buildings. Id. The driver was passed out behind the wheel. Id.
While the issue in Ostby was whether the evidence supported the trial court's determination that the vehicle was not safely off the roadway, I believe the facts there, and in Votava's case, raise an additional issue: whether the evidence is sufficient to warrant giving an instruction on the defense at all. A defendant raising an affirmative defense must offer sufficient evidence to justify giving the instruction. E.g., State v. Janes, 121 Wash.2d 220, 236-37, 850 P.2d 495, 22 A.L.R.5th 921 (1993) (whether instruction on self-defense warranted); State v. Buford, 93 Wash.App. 149, 967 P.2d 548 (1998) (whether unwitting possession defense instruction warranted); State v. Trujillo, 75 Wash.App. 913, 883 P.2d 329 (1994) (whether entrapment instruction justified).
The parties, however, have not raised this issue on this discretionary review, and there may be other evidence, not included in the record on review, that would have a bearing on this question. I write separately merely to point out that the majority opinion should not be read to foreclose the trial court's consideration of this question on remand. The majority simply holds that the trial court erred in concluding that the instruction could not be given because Votava did not himself move the vehiclea different question entirely.
I concur.
MADSEN, J., and FAIRHURST, J., concur.
ALEXANDER, C.J., dissenting.
RCW 46.61.504(2) provides that a person may not be convicted of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor "if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway." The trial court declined to instruct the jury that this defense was available to Mr. Votava because in its view, the defense is not available in a case where the allegedly intoxicated person did not move the vehicle off the roadway. In my view, the trial judge was absolutely correct. I say that because that is what the statute says. In that regard, it is plain, clear, and unambiguous.
The majority concludes that Votava was entitled to the instruction, based primarily on its determination that one can move a car off a roadway without personally driving it. It reasons that Votava "moved the vehicle off the roadway when he directed his friend to drive into the parking lot." Majority at 1053. While I agree with the majority that one can move a vehicle without personally driving it, I do not agree that there was *1057 evidence that Votava "moved" the vehicle in any way. The record shows, rather, that Votava, a passenger in his own car, simply directed his friend to "pull over" as they were traveling down the roadway. Clerk's Papers at 141. Although Votava's friend apparently did more than she was asked and pulled off of the roadway and into a parking lot, she did not do that at Votava's direction.
The majority buttresses its decision by talking about the purpose behind the physical control statute, suggesting that this purpose is defeated if the defense is not available in situations like the instant. While the majority's speculation regarding the legislature's thinking may be correct, we should resist the temptation to glean its motive in enacting a statute when the language it used in the enactment makes its purpose clear and unambiguous.
In sum, the trial judge who heard the evidence in this case rightly concluded that there was no factual basis for giving the instruction requested by the defendant. While the trial court incorrectly determined that the defendant has to personally drive the vehicle off of the road in order to have the benefit of the statutory defense, it did not err in declining to give the instruction here for the reason that Votava was not the person who "moved" the vehicle from the road. Because he did not move the vehicle he cannot avail himself of the statutory defense. We should, therefore, reverse the Court of Appeals and reinstate the defendant's conviction for being in physical control of a vehicle while under the influence of alcohol. Because the majority does otherwise, I dissent.
NOTES
[1] The State devotes much of its answer and supplemental brief to the argument that arresting Votava advances the purposes of the statute. This may be true; however, this is not the issue under discussion. While an officer may have probable cause to arrest someone under RCW 46.61.504, this does not prevent a defendant from putting forth the defense if applicable. See State v. Reid, 98 Wash.App. 152, 160-63, 988 P.2d 1038 (1999) (officer may still have probable cause to make an arrest if the vehicle is arguably "safely off the road.").
[2] Day is not a case about actual physical control. Instead, the issue in that case is whether an intoxicated person driving an unlicensed vehicle on private property was chargeable under the language in the DUI statute. The Day court looked to other statutes to determine the purpose of the DUI statute. 96 Wash.2d at 649 n. 2, 638 P.2d 546.
[3] The Belasco court did not address the same language in the statute as we address here. Instead, it stated that "a plain reading" of the statute favored the defendant, because he had moved the vehicle "`prior to being pursued by a law enforcement officer.'" Belasco, 114 Wash. App. at 215, 56 P.3d 618 (emphasis omitted) (quoting RCW 46.61.504(2)).
[4] This quotation is drawn from the portion of the opinion in which the Court of Appeals dismissed Votava's equal protection claim as lacking merit. Votava does not renew his equal protection claim here.