[No. 15586-5-I.   Division One.   August 12, 1987.]

THE CITY OF EDMONDS, *Petitioner,* v. RICHARD OSTBY, *Respondent.*

*Linda K. Norman* and *Ogden, Ogden, Murphy & Wallace,* for petitioner.

*James A. Feldman,* for respondent.

RINGOLD, A.C.J.—The City of Edmonds appeals the judgment dismissing the charges brought against Richard Ostby for being in actual physical control of a motor vehicle while under the influence of intoxicating liquors pursuant to RCW 46.61.504. Ostby was tried in district court on stipulated facts and convicted. The Snohomish County Superior Court reversed the conviction and dismissed the charges. We reverse the superior court's judgment of dismissal.

The facts are not in dispute. On December 28, 1983, Richard Ostby was arrested in the parking lot of an apartment complex in Edmonds for being in actual physical control of a motor vehicle while under the influence of intoxicating liquors. Officer Jones, the arresting officer, responded to a complaint made by a resident of the apartment complex concerning a suspicious vehicle in the parking lot that had had its lights on and engine running for an hour. When Jones arrived he found Ostby passed out behind the wheel; the vehicle had its lights on, the motor was running and the transmission was in drive. The vehicle was not in a parking stall, but was situated in the middle of the roadway, blocking access to adjoining parking areas and buildings.

It is not disputed that Ostby was intoxicated and was in

actual physical control of the vehicle. The trial and subsequent appeals concern only the issue of how the pertinent law applies to those facts.

APPLICATION OF THE PHYSICAL CONTROL STATUTE

The physical control statute, RCW 46.61.504, then extant, provided in pertinent part:

> A person is guilty of being in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug if he has actual physical control of a vehicle within this state while:
> (1) He has a 0.10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, or other bodily substance . . .

In introducing RCW 46.61, the rules of the road, the Legislature provided:

> The provisions of this chapter relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except:
> (1) Where a different place is specifically referred to in a given section.
> (2) The provisions of RCW 46.52.010 through 46.52.090 and *46.61.500 through 46.61.520 shall apply upon highways and elsewhere throughout the state.*

(Italics ours.) RCW 46.61.005. In reversing Ostby's conviction the superior court interpreted the language "elsewhere throughout the state" to mean the offense could not be committed if the defendant was found intoxicated and in actual physical control of a vehicle on private property.

■ In *State v. Day*, 96 Wn.2d 646, 638 P.2d 546 (1981), the court interpreted the language "elsewhere throughout the state" in the context of a driving while intoxicated charge. Day was apprehended while driving his unlicensed vehicle in circles in his parents' field while intoxicated. The court examined the purpose of the statute—to protect the public from the perils of drunken drivers—and held that it would be an unreasonable exercise of its police power to "extend the prohibition to petitioner's conduct . . . [as] [h]e was posing no threat to the public." *Day*, at 649. The court went on to add:

This is not a case where it is logical to assume he would leave the private property and pursue a course along a public roadway. The vehicle was unlicensed and he was not on or even near a public road. In addition, the land on which he was driving was privately owned and the public had no right to be there nor was the public expected to be on the property. His arrest did not further the purpose of the statute in any way.

*Day,* at 649–50. Thus, while the court could have ruled "elsewhere throughout the state" did not apply to offenses committed on private property, it chose to limit its decision to the unique facts of the case and apply the statute only to drunk drivers that pose a threat to the public.[1]

The *Day* decision establishes that the physical control statute can apply to an intoxicated driver apprehended on private property. In the case at bar the superior court judge erred in finding that "elsewhere throughout the state" does not apply to private property.

### WAS OSTBY'S CAR "SAFELY OFF THE ROADWAY"?

The physical control statute also provides a defense to the charge: "No person may be convicted under this section if, prior to being pursued by a law enforcement officer, he has moved the vehicle *safely off the roadway*." (Italics ours.) Former RCW 46.61.504. Ostby contends he was safely off the roadway and thus the defense to the charge applies.

Whether the vehicle was "safely off the roadway" is a factual issue to be decided by the trier of fact. The facts found by the district court judge concluded to the contrary. Substantial evidence supports his determination. Ostby had passed out behind the wheel of his vehicle due to his intoxication; the motor was running and the transmission was in

---

[1]The case of *Seattle v. Tolliver*, 31 Wn. App. 299, 641 P.2d 719 (1982), cited by defendant, is not helpful. The court was construing the phrase "way open to the public" contained in the Seattle Traffic Code. It is interesting to note that once the court found the parking lot in question satisfied the definition of "way open to the public" it specifically stated it was declining to reach the issue of whether all private property within the city is encompassed by the ordinance.

drive. This situation posed a danger to the public. Ostby did not comply with the defense to the statute that he pull his vehicle safely off the roadway.

We reverse and reinstate the district court's judgment and sentence.

WILLIAMS and WEBSTER, JJ., concur.

Review denied by Supreme Court December 2, 1987.