[No. 23345-6-III. Division Three. October 13, 2005.]

THE CITY OF SPOKANE, *Petitioner*, v. STACY A. BECK, *Respondent*.

*Michael F. Connelly, City Attorney,* and *Michelle D. Szambelan, Assistant,* for petitioner.

*Tracy A. Staab* (of *Federal Public Defenders*), for respondent.

¶1 SCHULTHEIS, J. — A court sitting in an appellate capacity can determine whether sufficient evidence supports a conviction for being in physical control of a motor vehicle while intoxicated when the defendant contends the safely off the roadway affirmative defense was proved. It considers the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the accused failed to prove the defense by a preponderance of the evidence. At the trial in this case, the arresting officer admitted that the defendant's car was off the roadway and that there was no danger. In light of this concession, no reasonable jury could have found that the defendant failed to prove the defense by a preponderance of the evidence. We therefore affirm the superior court's decision.

## FACTS

¶2 Spokane Police Officer Zachary Storment responded to a call of "a possible DUI [driving under the influence] parked in a parking lot" of a Zip Trip convenience store on the corner of Market and Euclid at 3 A.M. on March 21, 2003. Clerk's Papers (CP) at 23. The car was taking up two parking places on the north side of the parking lot about 20 to 30 yards from the roadway. The car was running and there was one occupant inside. The officer ultimately identified the occupant as Stacy Beck. The store was open and a clerk was on duty, but no other persons were present. Officer Storment tried unsuccessfully to wake Ms. Beck by calling through the window and shaking the car. Ms. Beck was slumped over to her right. He opened the door and shook Ms. Beck to wake her. Upon awakening, Ms. Beck told Officer Storment she was not driving. After concluding that she was intoxicated, Officer Storment arrested her for physical control. As she was being arrested, another person arrived to pick her up and asked if the vehicle could be released to her. The officer did not allow it. At trial Officer Storment conceded that Ms. Beck was off the roadway and there was no danger.[1]

¶3 Ms. Beck was convicted. She appealed the conviction to superior court. She challenged the denial of her motions to dismiss at the end of the State's case in chief and at the close of evidence asserting she had proved she was safely off the roadway. She also argued that the safely off the roadway provision of the physical control statute was an element rather than an affirmative defense and challenged the sufficiency of the evidence. The superior court disagreed that the safely off the roadway provision was an element

---

[1] This exchange occurred during cross-examination by defense counsel:

[Q]: That it was obvious that she was off the roadway. Isn't that correct?

[A]: Yes.

[Q]: And it was obvious that she was up in a parking area that there's no danger there was there?

[A]: Correct.

CP at 41.

but held that as a defense it was proved and reversed the conviction. We accepted the city of Spokane's petition for review.

## DISCUSSION

### a. Motion to Strike

¶4 As a preliminary matter, the city moved to strike a portion of Ms. Beck's brief. It asserts she addresses an issue in her brief—whether safely off the roadway was an element rather than an affirmative defense—that is not properly before the court for review. The motion was referred to us. *See* RAP 17.2(a), (b).

¶5 A party is not required to file a cross petition for discretionary review or assign error unless it is seeking reversal of an adverse ruling on a distinct claim or cause of action. *See Smoke v. City of Seattle*, 79 Wn. App. 412, 421-22, 902 P.2d 678 (1995), *rev'd on other grounds*, 132 Wn.2d 214, 937 P.2d 186 (1997). Here, the argument presented by Ms. Beck in her appellate brief was raised by trial counsel. The trial judge specifically rejected that theory but reversed on the basis that Ms. Beck had proved the affirmative defense. As Ms. Beck urges an alternate ground for affirming and not a distinct claim or cause of action, she is not required to cross appeal. *See State v. McInally*, 125 Wn. App. 854, 862-63, 106 P.3d 794 (2005). The motion to strike is denied.[2]

### b. Sufficiency of Evidence

¶6 An appeal from a criminal conviction in district court is conducted in the superior court under the Rules for Appeal of Decisions of Courts of Limited Jurisdiction

---

[2] Because of the decision we ultimately make, we do not reach Ms. Beck's constitutional argument as to whether safely off the roadway was an element rather than an affirmative defense. *See State v. Rodgers*, 146 Wn.2d 55, 60, 43 P.3d 1 (2002) (observing that the court should exercise judicial restraint by declining to pass on issues of constitutional dimension if there is insufficient evidence to support the conviction).

(RALJ). RCW 3.02.020; *State v. Tomal*, 133 Wn.2d 985, 988, 948 P.2d 833 (1997). Discretionary review was granted pursuant to RALJ 9.1(h) and RAP 2.3(d)(1). We accepted review of the superior court decision to determine whether it conflicts with *State v. Reid*, 98 Wn. App. 152, 988 P.2d 1038 (1999) and *City of Edmonds v. Ostby*, 48 Wn. App. 867, 740 P.2d 916 (1987). *See City of Everett v. Heim*, 71 Wn. App. 392, 395, 859 P.2d 55 (1993); *State v. Chiles*, 53 Wn. App. 452, 452-53, 767 P.2d 597 (1989).

¶7 In order to be found guilty of being in physical control of a motor vehicle while under the influence of alcohol, the State had to prove that Ms. Beck, within two hours after being in actual physical control of a vehicle, had an alcohol concentration of 0.08 or higher. RCW 46-.61.504(1). That statute provides that "[n]o person may be convicted under this section if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway." RCW 46.61.504(2).

¶8 Ms. Beck argues that the jury verdict is not supported by substantial evidence because she established the defense that she was safely off the roadway. At trial, Ms. Beck was required to prove the affirmative defense by a preponderance of the evidence. *State v. Votava*, 149 Wn.2d 178, 187, 66 P.3d 1050 (2003). When reviewing a challenge to the sufficiency of evidence based on an affirmative defense with that standard of proof, the inquiry is whether, considering the evidence in the light most favorable to the city, a rational trier of fact could have found that the accused failed to prove the defense by a preponderance of the evidence. *State v. Lively*, 130 Wn.2d 1, 17, 921 P.2d 1035 (1996). Proof of a defense by a preponderance of the evidence merely means the greater weight of the evidence. *State v. Harris*, 74 Wash. 60, 64, 132 P. 735 (1913).

¶9 The two other divisions of this court have held that the determination of whether an accused is safely off the roadway is generally an issue of fact for the jury. *Reid*, 98 Wn. App. at 163-64; *Ostby*, 48 Wn. App. at 870.

¶10 In *Ostby*, Division One first held that "[w]hether the vehicle was 'safely off the roadway' is a factual issue to be decided by the trier of fact." *Ostby*, 48 Wn. App. at 870. It then held that "[s]ubstantial evidence supports his determination." *Id.* Notably, *Ostby* was decided before *Lively*, where the Washington Supreme Court first decided the standard of review for challenges to the sufficiency of the evidence to support a conviction based on an affirmative defense. *Lively*, 130 Wn.2d at 17.

¶11 In *Reid*, Division Two explored the defense in the context of a suppression hearing where the defendant was charged with physical control, obstructing a police officer, and felony possession of a firearm. *Reid*, 98 Wn. App. at 154. The defendant argued (among other things) that because the police lacked probable cause to arrest, the fruits of the search incident to that arrest should be suppressed. One such issue was whether the officer had probable cause to arrest the defendant if there were facts present to constitute the affirmative defense. *Id.* at 162-64. The court decided that the officer may (constitutionally) arrest the suspect because "[a]t the time of arrest, the officer cannot know and it would be unreasonable to require him to estimate the likelihood of success of a potential affirmative defense." *Id.* at 163. Accordingly, the court held that it would be premature for a trial court to rule on the merits of the defense in a suppression order unless "the evidence were susceptible of only one inference." *Id.* at 164. Notably, this portion of *Reid* has not been cited by any court since.

¶12 The questions on review in *Reid* as well as the posture of the case make it distinguishable from the case before us. First, the issue before the superior court in Ms. Beck's case was sufficiency of evidence in light of an affirmative defense, not suppression. Second, because it was a pretrial hearing, the evidence was not yet fully developed in *Reid*. But here the entire matter had been heard and each party presented a case. It may be premature to consider the merits of an affirmative defense in the

context of a motion to suppress. But here, the superior court was reviewing sufficiency in an appellate capacity.

¶13 This affirmative defense should not be treated differently from any other. Assuming the proper standard of review is applied, appellate review of the sufficiency of the evidence to support a conviction for a physical control charge when challenged with the safely off the roadway affirmative defense is appropriate.

¶14 In *Ostby*, 48 Wn. App. 867, the defendant was not safely off the roadway because the car was not in a parking stall and the defendant had passed out behind the wheel with the motor running and the transmission in drive. Here, Ms. Beck's car was running and parked in a lot 20 to 30 yards off of the roadway and she called for a ride before falling asleep in the driver's seat and slumped over onto the passenger side. The most compelling aspect of this case is Officer Storment's acknowledgment at trial that Ms. Beck's car was off the roadway and there was no danger. The city argues that the jury must have ignored the officer's testimony as it was within its province to do. But no reasonable trier of fact would disregard this plain admission that provided the factual basis for the elements of the defense from a trained police officer on the scene. Concession testimony of this nature is persuasive. *See, e.g., People v. Vogel*, 58 Ill. App. 3d 910, 914, 374 N.E.2d 1152, 16 Ill. Dec. 377 (1978) (upholding suppression of evidence from search where officers admitted at trial that they lacked probable cause to arrest), *cited in State v. Cheatam*, 150 Wn.2d 626, 640, 81 P.3d 830 (2003). Viewed in the light most favorable to the city, the evidence was insufficient for a jury to conclude that Ms. Beck did not prove that she was, more probably than not, safely off the roadway.

## CONCLUSION

¶15 The superior court's decision does not conflict with established precedent. We affirm.

KATO, C.J., and KURTZ, J., concur.

Review denied at 157 Wn.2d 1022 (2006).