JUN 27 2013





# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| CITY OF YAKIMA, | ) | No. 30666-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | ORDER GRANTING |
| | ) | MOTION TO PUBLISH |
| JULIO MENDOZA GODOY, | ) | |
| | ) | |
| Petitioner. | ) | |

The court has considered the city of Yakima's motion to publish, the answer thereto, and the record and file herein;

IT IS ORDERED the motion to publish is granted. The opinion filed by the court on May 7, 2013, shall be modified on page 1 to designate it is a published opinion and on page 6 by deletion of the following language:

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

DATED: June 27, 2013

PANEL: Judges Kulik, Brown, and Korsmo

FOR THE COURT:

KEVIN M. KORSMO
CHIEF JUDGE

**FILED**
**MAY 7, 2013**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF YAKIMA, | ) | No. 30666-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JULIO MENDOZA GODOY, | ) | |
| | ) | |
| Petitioner. | ) | |

KULIK, J. — Moving a vehicle safely off the roadway prior to police pursuit is an affirmative defense to physical control of a vehicle while under the influence of intoxicating liquor. RCW 46.61.504(2). Here, the trial court refused to instruct the jury on the affirmative defense because there was no evidence that an intoxicated Julio Mendoza Godoy moved the car that he controlled. This court granted discretionary review of the trial court's refusal to instruct on the affirmative defense.

Unlike in *State v. Votava*, 149 Wn.2d 178, 183, 66 P.3d 1050 (2003), there is no evidence that Mr. Mendoza Godoy directed the car to be moved or moved it. So he was not entitled to the affirmative defense instruction. We affirm the trial court.

FACTS

Julio Mendoza Godoy's friend was having car problems on the night of May 26, 2007. Another friend drove Mr. Mendoza Godoy to the car, which was parked in an empty lot. Mr. Mendoza Godoy agreed to stay with the car and wait for a mechanic while his friends left to make a telephone call. He sat alone in the car and drank a beer. There is no dispute that Mr. Mendoza Godoy was intoxicated.

Officer Joseph Deccio noticed the car as he drove by. He saw that Mr. Mendoza Godoy was holding an open beer can and that there was beer in the back seat. Officer Deccio arrested Mr. Mendoza Godoy and the city of Yakima charged him with physical control of a motor vehicle while under the influence of intoxicating liquor.

The case proceeded to a jury trial. The city of Yakima argued against instructing the jury that moving a car safely off the roadway is an affirmative defense. It reasoned that there was no evidence that Mr. Mendoza Godoy had moved the car. The court agreed. The jury convicted Mr. Mendoza Godoy.

He appealed to Yakima County Superior Court and that court affirmed. This court granted Mr. Mendoza Godoy's motion for discretionary review.

2

ANALYSIS

Actual physical control of a vehicle while "under the combined influence

of or affected by intoxicating liquor" is a crime in the State of Washington.

RCW 46.61.504(1)(c). The statute also provides an affirmative defense to that crime.

RCW 46.61.504(2). The affirmative defense provides, "No person may be convicted

under this section if, prior to being pursued by a law enforcement officer, the person has

*moved* the vehicle safely off the roadway." RCW 46.61.504(2) (emphasis added). The

issue here is whether the court should have instructed the jury on this affirmative defense

even though there is no evidence that Mr. Mendoza Godoy moved the car.

We review issues of statutory interpretation de novo. *Votava*, 149 Wn.2d at 183.

Accordingly, when a court refuses to give a jury instruction based on its interpretation of

the law, our review is de novo. *State v. Walker*, 136 Wn.2d 767, 772, 966 P.2d 883

(1998).

If statutory language is clear and not defined by statute, we must give the language

its ordinary meaning. *Votava*, 149 Wn.2d at 183. We cannot read a statute in a way that

renders language superfluous. *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683

(1985). We also cannot read a statute in a way that renders "unlikely, absurd, or strained"

results. *State v. Elgin*, 118 Wn.2d 551, 555, 825 P.2d 314 (1992).

Mr. Mendoza Godoy argues that the defense at issue applies to any person in an automobile that is safely off the roadway. We reject that argument for several reasons.

First, it ignores the statute's plain language. The phrase "'the person has moved the vehicle'" is clear language and should be given its ordinary meaning. *Votava*, 149 Wn.2d at 183 (quoting RCW 46.61.504(2)). The word "move" means "to go continuously from one point or place to another," "to go forward," "get along," or "make progress." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1479 (1993). The word "moved" requires the defendant to do something other than sit idly in a vehicle. Mr. Mendoza Godoy's interpretation of the statute would apply to defendants who have not moved the vehicle. It would make "the person has moved the vehicle" superfluous.

Second, it ignores the statute's purposes. Statutory language should be construed in a way that carries out, not defeats, the statute's purposes. *Votava*, 149 Wn.2d at 184. The statute at issue aims to protect the public in two ways: "(1) deterring anyone who is intoxicated from getting into a car except as a passenger, and (2) enabling law enforcement to arrest an intoxicated person before that person strikes." *Id.* (citing *State v. Smelter*, 36 Wn. App. 439, 444, 674 P.2d 690 (1984)). In *Votava*, for example, the owner of a car rode as passenger and instructed the driver to park the car. *Id.* at 181. The court reasoned that the owner could assert the "safely off the roadway" defense because

4

directing the driver to park meant that he "moved" the car and, by not actually driving the car himself, he fulfilled one of the statute's purposes. *Id.* at 184.

Mr. Mendoza Godoy argues that the purposes of the statute would be supported here because *Votava* explained that "[a]llowing a defendant who did not drive to present the defense better advances the purposes of the statute." *Id.* However, he takes *Votava's* language out of context. The language refers to a person who moved the car without driving it and that is not what happened here. Moreover, by getting into the driver's seat of his friend's car, Mr. Mendoza Godoy did exactly what the statute aims to deter. Mr. Mendoza Godoy's interpretation of the statute renders an absurd result.

Finally, we reject Mr. Mendoza Godoy's argument that this case is analogous to *Votava* and *City of Spokane v. Beck*, 130 Wn. App. 481, 123 P.3d 854 (2005). The only similarity between *Votava, Beck*, and this case is that all three defendants sat intoxicated in the driver's seats of their legally parked cars. *See Votava*, 149 Wn.2d at 181; *Beck*, 130 Wn. App. at 484. Unlike in *Votava*, there was no evidence that Mr. Mendoza Godoy had moved the car. And *Beck* is unhelpful because there is nothing to indicate whether Mr. Beck moved his car or not; the issue was not addressed on appeal. *Votava* and *Beck* do not warrant a "safely off the roadway" instruction here.

5

Although the car here was safely off the roadway, there is no evidence that Mr. Mendoza Godoy moved it there. Accordingly, the court correctly refused to instruct the jury on the "safely off the roadway" defense.

We affirm the trial court.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____        _____
Brown, J.                                Korsmo, C.J.