IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32383-8-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY MICHAEL MITCHELL, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Timothy Mitchell appeals his conviction for rape of a child in the second degree. He claims insufficient evidence supported his conviction since the trial judge could only conclude that the victim misled him as to her age. While a reasonable misapprehension of the victim's age is a defense, the judge heard no testimony of Mitchell's belief as to the victim's age. We reject Mitchell's contention, and affirm his conviction.

FACTS

Timothy Mitchell and C.L., the victim, met in late January 2013 through mutual friends. C.L. was thirteen years of age, and Mitchell was seventeen years old. C.L. told Mitchell that she was sixteen years old. C.L. often misidentified her age as fifteen or sixteen years old. At trial, the court admitted, at Mitchell's request, two photographs of

C.L. from Facebook, both dated January 30, 2013. C.L. wears sunglasses in the photos.

On the evening of January 29, 2013, Timothy Mitchell, C.L., and a common friend smoked marijuana together in a truck. C.L. retired to the truck's bed to sleep. The night was cold, and C.L. fell asleep fully clothed. The friend crossed the street to join others, who slept in sleeping bags on the ground. Mitchell joined C.L. under a heap of blankets.

C.L. awoke to discover that she was naked and her hands and feet bound by rope. She saw Timothy Mitchell in the truck bed with her. Mitchell removed his pants, jammed a sock into C.L.'s mouth, and bound the sock with tape. Mitchell then raped C.L.

## PROCEDURE

The State of Washington charged Timothy Mitchell with rape of a child in the second degree in violation of RCW 9A.44.076(1). The statute premises rape on the age difference between the perpetrator and victim. At a bench trial, Timothy Mitchell argued for the application of RCW 9A.44.030, which creates a defense based on a reasonable belief that the victim is older. Mitchell did not testify.

The trial court rejected Timothy Mitchell's defense. The trial court reasoned:

> There is nothing that we can put our fingers on that gives us a basis for why he may have had a reasonable belief in a declaration of age, here. And I don't think that's something that—that we can make an assumption on. It is the burden of the defense to make out that reasonable belief by a preponderance of the evidence, and assertion alone is insufficient.
> So for those reasons I'm going to find that the defense has not made out that defense by a preponderance of the evidence.

2

Report of Proceedings (RP) at 110-11. The court found Mitchell guilty as charged.

## LAW AND ANALYSIS

Two statutes control this appeal. The first statute, RCW 9A.44.076(1), creates the crime of rape of a child in the second degree. The statute declares:

> A person is guilty of rape of a child in the second degree when the person has sexual intercourse with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

Remember that C.L. was thirteen years of age and Timothy Mitchell was seventeen years old in January 2013.

Absent a statute, rape of a child is a strict liability offense and the victim's misrepresentation of her age is immaterial. *Commonwealth v. Harris*, 74 Mass. App. Ct. 105, 904 N.E.2d 478, 483 (2009); *State v. Browning*, 177 N.C. App. 487, 629 S.E.2d 299, 302 (2006); *State v. Jadowski*, 272 Wis. 2d 418, 680 N.W.2d 810, 816 (2004). Washington provides a limited statutory defense. Under RCW 9A.44.030(2), our second statute:

> In any prosecution under this chapter in which the offense or degree of the offense depends on the victim's age, it is no defense that the perpetrator did not know the victim's age, or that the perpetrator believed the victim to be older, as the case may be: PROVIDED, That it is a defense which the defendant must prove by a preponderance of the evidence that at the time of the offense the defendant reasonably believed the alleged victim to be [at least fourteen, or was less than thirty-six months younger than the defendant] based upon declarations as to age by the alleged victim.

3

Few Washington decisions discuss this defense.

Based on the defense found in RCW 9A.44.030, Timothy Mitchell challenges the sufficiency of the evidence for his conviction for rape of a child in the second degree. A sufficiency of the evidence challenge admits the truth of the State's evidence while allowing all reasonable inferences to be drawn in the State's favor. *State v. Vars*, 157 Wn. App. 482, 496, 237 P.3d 378 (2010).

On appeal, Mitchell analyzes the sufficiency of evidence as if the State failed to prove elements of the crime. Nevertheless, his appeal concerns whether he proved a defense. When a defendant is required to prove a defense by a preponderance of the evidence, the appropriate standard of review is whether, considering the evidence in the light most favorable to the State, a rational trier of fact could have found that the defendant failed to prove the defense by a preponderance of the evidence. *State v. Lively*, 130 Wn.2d 1, 17, 921 P.2d 1035 (1996); *City of Spokane v. Beck*, 130 Wn. App. 481, 486, 123 P.3d 854 (2005).

On appeal, Timothy Mitchell emphasizes the photographs of C.L. from Facebook that he claims portray her as sixteen, C.L.'s testimony that she told Mitchell that she was sixteen years old prior to intercourse, and C.L.'s testimony that she often identified herself as fifteen or sixteen to others as supporting his defense under RCW 9A.44.030. At a minimum, RCW 9A.44.030 requires: (1) a belief that the alleged victim is a particular age (2) based on declarations from the alleged victim, and (3) that the belief be

4

reasonable. Mitchell's evidence might show C.L. made the requisite declaration and Mitchell's believing that the declaration was reasonable, assuming he formed a belief. Nevertheless, the trial court heard no testimony supporting a finding that Mitchell believed C.L. to be an older age. Thus, a rational trier of fact could have found that Timothy Mitchell failed to prove his defense by a preponderance of the evidence.

## CONCLUSION

We affirm the conviction of Timothy Mitchell for rape of child in the second degree.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.