IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80226-7-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ELIUD M. WAMBUGU, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Eliud Wambugu seeks reversal of his gross misdemeanor conviction for driving under the influence (DUI). He contends that he was entitled to a jury instruction on the safely off the roadway defense to the lesser included offense of physical control of a vehicle while under the influence. Because the record contained sufficient evidence to support an instruction for the safely off the roadway defense, we reverse.

FACTS

On December 6, 2015 at around 8:20 p.m., Washington State Patrol Trooper Kristian Lynch received a call regarding a silver Lexus "traveling southbound" on Interstate-5. Lynch was given the license plate number and told that the Lexus had pulled over onto the right shoulder of the freeway. About fifteen minutes later, Lynch located the car, which was stopped as far right on the shoulder as possible, had its hazard lights activated, and had a flat tire on the rear driver's

side. The trunk of the car was open, a spare tire was outside the trunk, and Eliud Wambugu was standing at the rear of the car with both hands in the trunk. When Lynch approached and asked what was happening, Wambugu said that he had a flat tire. Lynch noticed that Wambugu's eyes were watery and bloodshot, that his quarter-zip sweater was on backwards, and that there was a "strong and obvious odor of intoxicants" on Wambugu's breath. Lynch asked if Wambugu had been drinking, and he said no. Lynch also asked if Wambugu had been driving and where he had come from. Wambugu responded that he had been driving from Seattle to Kent. Wambugu also told Lynch that his cousin was in the car with him, but Lynch did not see any other person in the car or nearby. Wambugu said his cousin must have left.

After arresting him, Lynch found the keys for the car on Wambugu's person. Before Wambugu's vehicle was towed to impound, three empty Coors Light cans and an empty hip flask were found in the car. Lynch transported Wambugu to SeaTac Police Department in his patrol car, and Wambugu agreed to submit to a breath test. While waiting for the result, Lynch asked Wambugu if he thought he would pass the breath test, and Wambugu responded that he did not think he would. The two breath samples, taken at 9:49 p.m. and 9:51 p.m., returned results of .168 and .172 grams per 210 liters.

Wambugu was charged with one count of driving under the influence (DUI), a gross misdemeanor. Lynch testified to the above facts during trial in district court. Wambugu did not testify or call any witnesses in his defense. Defense counsel requested that the court instruct the jury on the lesser included offense of physical

control and the safely off the roadway defense authorized by RCW 46.61.504(2). The State did not object to the physical control instruction but did object to any instructions on the safely off the roadway defense. The court agreed to give the physical control instruction with some language revisions but refused the instruction on the safely off the roadway defense, stating that there was "no evidence for me to give that one." Defense counsel argued that Lynch had testified on cross-examination that Wambugu's vehicle was safely off the roadway. The court responded,

> Right. But the Defendant can't put himself there by an accident. In this case, he was off the roadway, but he was not safely off the roadway, because he was attempting to change the tire to get his car back on the roadway. So that is an affirmative defense that he has to testify to that he pulled off and parked. And since he's not testifying, that would not be a proper instruction for the Court to give.

Given that ruling, defense counsel withdrew the request for the physical control instruction. The jury found Wambugu guilty of DUI.

Wambugu appealed to King County Superior Court. The court affirmed, finding that "Wambugu was safely off the roadway, but that there was insufficient evidence he caused the car to be moved, or did move the car off the roadway." Wambugu filed a motion for reconsideration, which was denied. He then sought discretionary review, which a commissioner of this court granted.

ANALYSIS

Wambugu contends that the trial court erred in refusing to instruct the jury on the safely off the roadway defense to the lesser included offense of physical

control.[1]  We review a trial court's refusal to give an instruction based on its interpretation of the law de novo.  State v. Walker, 136 Wn.2d 767, 771–72, 966 P.2d 883 (1998).

A defendant is entitled to a jury instruction that is supported by substantial evidence in the record.  State v. Griffith, 91 Wn.2d 572, 574–75, 589 P.2d 799 (1979).  "In determining whether the evidence is sufficient to support a jury instruction on an affirmative defense, the court must view the evidence in the light most favorable to the defendant."  State v. O'Dell, 183 Wn.2d 680, 687–88, 358 P.3d 359 (2015).  Because the defendant is entitled to the benefit of all the evidence, the trial court considers the defense in light of all the evidence presented at trial without regard to which party presented it.  State v. Callahan, 87 Wn. App. 925, 933, 943 P.2d 676 (1997); State v. Olinger, 130 Wn. App. 22, 26, 121 P.3d 724 (2005).  Although affirmative evidence of a defense "certainly is the most effective," a defendant "may exercise his right to remain silent[ ] and rely instead on the State's evidence and cross-examination of the State's witnesses" to support a defense instruction.  State v. Finley, 97 Wn. App. 129, 134–35, 982 P.2d 681 (1999).

It is unlawful for a person to be in actual physical control of a motor vehicle while under the influence of intoxicating liquor or any drug.  RCW 46.61.504(1).  This statute "was enacted to protect the public by (1) deterring anyone who is

---

[1] Because the State did not oppose the defense request to instruct the jury on physical control as a lesser included offense of the charged crime of DUI and the propriety of the court's decision granting the request is unchallenged on appeal, we do not review whether that instruction would have been appropriate under the test articulated in State v. Workman, 90 Wn.2d 443, 584 P.2d 382 (1978).

intoxicated from getting into a car except as a passenger, and (2) enabling law enforcement to arrest an intoxicated person before that person strikes." State v. Votava, 149 Wn.2d 178, 184, 66 P.3d 1050 (2003). Physical control of a vehicle while under the influence is an included offense of DUI. State v. Nguyen, 165 Wn.2d 428, 433, 197 P.3d 673 (2008).

A person may not be convicted of physical control of a vehicle while under the influence if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway. RCW 46.61.504(2). "[A] person may move a vehicle without driving it." Votava, 149 Wn.2d at 184. In State v. Votava, the Washington Supreme Court found that the defendant "moved the vehicle off the roadway when he directed his friend to drive into the parking lot" and was therefore entitled to a safely off the road instruction. Id. However, "[t]he word 'moved' requires the defendant to do something other than sit idly in a vehicle." City of Yakima v. Godoy, 175 Wn. App. 233, 237, 305 P.3d 1100 (2013). In City of Yakima v. Godoy, Division Three of this court distinguished Votava from a situation in which an intoxicated defendant sat alone in his friend's parked car while waiting for a mechanic. Id. at 235. The Godoy court concluded that the instruction was not appropriate even though the car was safely off the roadway when there was no evidence that the defendant had moved it there. Id. at 238.

Here, there is no dispute that Wambugu's car was safely off the roadway at the time Lynch arrived. The issue is whether there was sufficient evidence in the record that Wambugu had moved the vehicle, either by driving it himself or by directing someone else, to support the instruction. As the State notes, Wambugu

was not required to testify in his own defense, but he did need to point to some evidence in the record that he had caused the vehicle to be moved off the roadway. Although Lynch testified that Wambugu had said his cousin was in the car, there was no testimony to indicate that the cousin had been driving or that Wambugu had directed another driver to move the car off the roadway. However, Lynch did testify that Wambugu stated that he had been driving the car. The jury could have reasonably inferred from this evidence that Wambugu had moved the car off the roadway himself. Indeed, the fact that the jury found Wambugu guilty of DUI indicates that the jurors made the inference that Wambugu was operating the vehicle despite the lack of direct testimony that he was the driver.

The court based its ruling on the fact that there was no direct testimony that Wambugu had "pulled off and parked" and on its assertion that Wambugu "was attempting to change the tire to get his car back on the roadway." However, there was no evidence produced that Wambugu intended to drive the car after changing the tire, and the safely off the roadway defense does not required a defendant to show that he did not intend to drive. The court failed to view the evidence in the light most favorable to the defendant. Viewing all of the evidence in the proper light, there was sufficient evidence in the record to support the safely off the roadway instruction, and the court erred in refusing to give it.

The State contends that Wambugu's argument requires us to accept two mutually exclusive theories: that the State could not prove that Wambugu was driving and that Wambugu caused the car to be moved safely off the roadway by driving. However, this argument ignores the fact that Wambugu driving the car

was not the only element of DUI that the State needed to prove. Further, this is a tension that exists any time a safely off the roadway defense is raised in response to allegations of physical control as a lesser included offense of DUI. We do not believe that the legislature intended to make this defense unavailable to such a broad class of cases because this would not advance the statute's aim of protecting the public from intoxicated drivers. The jury was entitled to conclude both that the State had not met its burden to prove all of the elements of DUI and that Wambugu had moved the car safely off the roadway.

Reversed.

WE CONCUR: