

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37080-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEVIN RAY EDGAR, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Kevin Ray Edgar appeals his conviction for felony physical control, arguing that a reasonable jury could not have found that he failed to prove the affirmative defense of "safely-off-the-roadway" by a preponderance of the evidence. We agree and dismiss with prejudice.

FACTS

Kevin Ray Edgar was arrested for being in physical control of a vehicle while under the influence of alcohol. Because he had a prior conviction for vehicular assault involving alcohol, he was charged with a felony.

At trial, it was undisputed that Mr. Edgar had been drinking and his blood alcohol was above the legal limit at the time he was found parked at a gas station. The main issue

was whether Mr. Edgar was safely off the roadway, an affirmative defense provided by

RCW 46.61.504.

Mr. Edgar testified that he pulled off the road into a gas station in Ellensburg

between 2:00 and 3:00 am on August 16, 2018. He testified that he was on his way to

help his son when he realized that he should not be driving. A gas station employee

initially saw Mr. Edgar's truck parked at the gas pumps. A few minutes later, the

employee realized that the truck had pulled forward about 20 feet and stopped in the

parking lot. While the truck was not in a parking stall, it was not blocking traffic.

Instead, Mr. Edgar had put his truck in park and had fallen asleep with the engine running

and the lights on while parked inside a nearly empty five-acre parking lot.

A photograph from the officer's dash camera provides reference:



Approximately 20 minutes later, the gas station employee called law enforcement after a customer mentioned that someone was sleeping in the truck. The employee estimated that Mr. Edgar sat in his car 25 to 30 minutes before law enforcement arrived.

During closing arguments, the prosecutor conceded that Mr. Edgar was off the roadway and then argued:

> If he had parked, if he had turned the car off, if he had taken the keys out of the ignition, the State wouldn't have (inaudible). That would be safely off the roadway. —he is a person who is passed out in a running vehicle.
>
> So what's the natural inclination when you come to—if the officers hadn't been persons that had awakened him. The natural inclination would be to put the gear—the car in gear, the truck in gear—
>
> [DEFENSE COUNSEL]: Judge, I'm going to object to this line of— statement. There's no evidence to that.
>
> THE COURT: Very well. Please continue.
>
> [PROSECUTOR]: Thank you.
>
> --put the car in gear, and move it three times from park to reverse to neutral to drive and you're off.
>
> The reason something terrible didn't happen in this case is because it was stopped before it happened.

Report of Proceedings (RP) at 327-28.

Later in rebuttal, the prosecutor again emphasized, "[Mr. Edgar] should not be allowed to utilize . . . a defense that is available to those people who, as [defense counsel] says, do the right thing—they actually park in a parking spot, take the keys out of the

3

ignition, and are not behind the wheel passed out—behind a running—in a running vehicle." RP at 337-38.

The jury returned a verdict of guilty, and Mr. Edgar was sentenced. He appeals his conviction, arguing that the evidence was sufficient to support the defense of safely-off-the-roadway.

ANALYSIS

In Washington State, it is a crime to be in actual physical control of a motor vehicle while under the influence of intoxicating liquor or drugs. RCW 46.61.504. The statute also provides that "[n]o person may be convicted under this section . . . if, prior to being pursued by a law enforcement officer, the person has moved the vehicle safely off the roadway." RCW 46.61.504(2). The defendant must prove this affirmative defense by a preponderance of the evidence. *See State v. Votava*, 149 Wn.2d 178, 187, 66 P.3d 1050 (2003).

When reviewing a challenge to the sufficiency of evidence based on an affirmative defense, the inquiry is whether, considering the evidence in the light most favorable to the State, a rational trier of fact could have found the accused failed to prove the defense by a preponderance of the evidence. *City of Spokane v. Beck*, 130 Wn. App. 481, 486, 123 P.3d 854 (2005) (citing *State v. Lively*, 130 Wn.2d 1, 17, 921 P.2d 1035 (1996)).

In *Beck*, the defendant was found in a convenience store parking lot, "taking up two parking places on the north side of the parking lot about 20 to 30 yards from the

roadway." *Id*. at 484. The defendant was sleeping inside the car with the engine running. As she was being arrested, another person arrived to pick her up. The arresting officer testified that the defendant was off the roadway and there was no danger. *Id*.

The *Beck* court noted that the defense of safely-off-the-roadway should be treated as any other affirmative defense, susceptible to appellate review for sufficiency of the evidence. *Id*. at 488. In applying the standard of review of an affirmative defense, the *Beck* court held that the evidence was insufficient for a jury to conclude that the defendant did not prove she was, more probably than not, safely off the roadway. *Id*. In reaching this conclusion, the court found the most compelling evidence to be the concession by the officer that the vehicle did not pose a danger. *Id*.

Here, the State argues that *Beck* is distinguishable because the officer in this case did not testify to a lack of danger. Indeed, while such opinion testimony by an officer is undoubtedly compelling, it is also conclusory. The reason that the defendant in *Beck* did not pose a danger is that she was asleep in her vehicle with the engine running and there was no other indication that she intended to return to the roadway.

The State also relies on *City of Edmonds v. Ostby*, 48 Wn. App. 867, 740 P.2d 916 (1987), to argue that whether a vehicle is safely off the roadway is a factual issue to be determined by the trier of fact. Brief of Resp't at 12. In *Ostby*, police found the defendant's vehicle in an apartment complex parking lot. The defendant was asleep in the vehicle with its engine running, lights on, and the transmission in drive. "The vehicle

was not in a parking stall, but was situated in the middle of the roadway, blocking access to adjoining parking areas and buildings." *Id*. at 868. The *Ostby* court found this evidence sufficient to support the finding that the defendant was not safely off the roadway. *Id*. at 870-71.

The *Ostby* case is distinguishable legally and factually. As noted in *Beck*, *Ostby* was decided before the Supreme Court decision in *Lively* that changed the standard of reviewing affirmative defenses for sufficiency of evidence. *Beck*, 130 Wn. App. at 487. While the affirmative defense is a question of fact, *Lively* made it clear that it was also subject to review for legal sufficiency. *Lively*, 130 Wn.2d at 18.

Moreover, the facts in *Ostby* are also distinguishable. Whereas in *Ostby*, the defendant's vehicle was in drive, and the vehicle was in the middle of a parking lot roadway blocking access, in this case, the vehicle was in park and not blocking traffic.

We also consider the sufficiency of evidence in light of the nature of the offense and the defense. The physical control statute protects the public from the threat posed by a person who controls a vehicle while under the influence of alcohol or drugs and could choose to get back on the roadway. *See Votava*, 149 Wn.2d at 184. The legislature balanced this threat with providing an incentive for intoxicated drivers to get off the roadway. The affirmative defense of "safely off the roadway" only applies when the State can prove every element of the offense. *Votava*, 149 Wn.2d at 187 (citing *State v. Riker*, 123 Wn.2d 351, 367–68, 869 P.2d 43 (1994)).

6

In this case, the prosecutor argued that Mr. Edgar was not safely off the roadway

because he could return to the roadway. By definition, this is true in almost every

physical control case: an intoxicated person in physical control of a vehicle is not

dangerous in-and-of-itself, but rather poses a danger because they could choose to get

back on the roadway. In rejecting a similar argument, the *Votava* court noted:

> This argument fails to dispose of the issue. It goes to the elements of the
> charge, rather than the defense. The very nature of this affirmative defense
> is that, although the State can prove every element of the actual physical
> control charge, acquittal is appropriate if the defendant can show, by a
> preponderance of the evidence, that the defendant moved the vehicle safely
> off the roadway.

*Votava*, 149 Wn.2d at 187.

In this case, the State argued in closing that the defense of safely-off-the-roadway

should not be available to Mr. Edgar because he was sleeping in the driver's seat with the

engine running. RP at 337-38. This argument comes dangerously close to shifting the

burden of proving an essential element. In other words, if the State argues that the only

way a defendant can prove that he is safely off the roadway is by showing that he is no

longer in physical control of a vehicle, then the burden has shifted to the defendant to

disprove a necessary element.

When he realized that he should not be driving, Mr. Edgar pulled off the roadway,

parked in a large parking lot, and fell asleep. While we do not condone the danger he

posed to the public by getting behind the wheel in the first place, he did exactly what the

legislature asked him to do: he pulled safely off the roadway.  Our analysis of the

evidence in this case convinces us that a rational trier of fact could not have found that

Mr. Edgar failed to prove the defense by a preponderance of the evidence.

Because we dismiss with prejudice, we do not address Mr. Edgar's other issues on

appeal.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.

8