# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59594-0-II |
| Respondent, | |
| v. | |
| RYAN CHRISTOPHER CUGHAN, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J.—Ryan Cughan appeals his conviction for a single charge of actual physical control of a motor vehicle while under the influence. Cughan argues that his conviction must be reversed because (1) a rational trier of fact could not have found that he failed to provide sufficient evidence supporting the safely off the roadway affirmative defense, and (2) the trial court abused its discretion by granting the State's motion for a continuance resulting in a violation of CrR 3.3's time for trial requirements.

We conclude that (1) a rational jury could have found that Cughan was not safely off the road because, viewing the evidence in light most favorable to the State, he failed to prove the affirmative defense by a preponderance of the evidence, and (2) the trial court did not abuse its discretion in granting a two-week continuance because prosecutor vacation is considered necessary for the administration of justice, therefore Cughan's time for trial claim fails. Accordingly, we affirm.

FACTS

I. BACKGROUND

On Tuesday, January 2, 2024, at 3:00 p.m., Washington State Patrol Trooper Benjamin Crabtree approached Ryan Cughan sitting in his parked truck on the shoulder of I-5 with the engine off and hazard lights blinking. Cughan was texting on his phone, and his hands were off the wheel. Cughan was under the influence of alcohol. The State charged Cughan with felony actual physical control of a motor vehicle while under the influence.

II. PRETRIAL

At Cughan's arraignment on January 16, 2024, trial was set to start on March 11, with a trial confirmation hearing set on February 29. On February 21, the State moved for a two-week continuance of the trial date because the prosecutor was unavailable on the date the trial was set to start due to a previously scheduled vacation. Defense counsel did not object to the continuance but asked that it be for only one week rather than two weeks. Defense counsel agreed that there was good cause for the continuance but objected to the State's proposed trial date because it would conflict with his own previously scheduled vacation.

The prosecutor responded that a one-week continuance would not be sufficient because it would require him to miss the trial confirmation hearing. Based on the previously planned vacations of both attorneys, the prosecutor proposed a trial date of April 8. Defense counsel responded that he would not be able to attend the trial confirmation with an April 8 trial date and said that given the scheduling conflicts, the soonest he could be available for trial was April 22. Defense counsel also expressed his view that the case was not difficult to prepare, but he did not ask the court to inquire if another prosecutor could handle the trial. The trial court granted the

2

State's request for a continuance based on the prosecutor's unavailability, noting that the prosecutor only requested a two-week continuance and that the additional delay was due to defense's counsel's vacation.

On April 11, 2024, defense counsel requested another two-week continuance because a witness went into inpatient treatment, pushing Cughan's trial further out to May 6, with trial confirmation on April 25. Trial ultimately began on May 6, 2024.

### III. TRIAL

At trial, the State's witnesses testified consistently with the above facts.

Trooper Crabtree testified that the shoulder that Cughan's vehicle was stopped on was "narrow" and an automatic tow-zone that was for emergency use only. 2 Verbatim Rep. of Proc. (May 7, 2024) at 39. He testified more specifically that the area of the shoulder to the right of the fog line "is approximately ten feet wide" with, "maybe, a foot-and-a-half-wide gravel portion before . . . the shoulder slopes down into the ditch." *Id.* at 40. When he found Cughan parked, "[t]he right wheels were onto . . . that narrow gravel portion of the shoulder." *Id*. The trooper consistently testified that if the driver's door opened, "[t]he door would have overhung the fog line." *Id*. Trooper Crabtree also testified that "[t]o have left [the shoulder], [Cughan] would have needed to continue driving back in the lane of travel or continue driving down the shoulder, which would have not been safe or appropriate either." *Id.* at 41.

The trooper testified that when he first approached the truck, Cughan took "[a]t least a minute" to roll down the passenger window, "trying a variety of vehicle control[s] before realizing he needed to then turn the car on." *Id.* at 42.

3

Cughan's brother Taylor, who went to pick up Cughan's truck after Cughan was arrested, testified that he felt safe getting into the car on the driver's side when picking it up.

The jury found Cughan guilty of the crime of physical control of a motor vehicle while under the influence. Cughan appeals.

DISCUSSION

I. SUFFICIENCY OF EVIDENCE FOR SAFELY OFF THE ROADWAY DEFENSE

Cughan argues that a reasonable jury could not have found that he failed to establish the statutory elements of the safely off the roadway affirmative defense because he (1) was parked off the roadway with the engine off, (2) was well behind the fog lines of the highway shoulder and not impeding traffic, and (3) had parked off the roadway prior to being pursued by a law enforcement officer. We disagree.

A. Legal Principles

It is an affirmative defense to actual physical control of a motor vehicle while under the influence that, prior to being pursued by a law enforcement officer, the driver has moved the vehicle safely off the roadway. RCW 46.61.504(2); *State v. Votava*, 149 Wn.2d 178, 187, 66 P.3d 1050 (2003). A vehicle is "safely off the roadway" if it does not pose a danger to the public. *Cf. City of Edmonds v. Ostby*, 48 Wn. App. 867, 871, 740 P.2d 916 (1987). The defendant must prove the "off the roadway" defense by a preponderance of the evidence. *Votava*, 149 Wn.2d at 187-88. Whether the defendant had moved the vehicle safely off the roadway prior to pursuit is a factual issue to be resolved by the trier of fact. *Id.*; *State v. Reid*, 98 Wn. App. 152, 163-64, 988 P.2d 1038 (1999).

In our review of this claim, we consider whether a rational trier of fact could have found that the defendant failed to prove the affirmative defense by a preponderance of the evidence. *Edgar*, 16 Wn. App. 2d at 830. When appellate courts have considered whether a defendant has proved the safely off the roadway affirmative defense, they have considered such factors as the extent of the defendant's control over the vehicle, the defendant's location within the vehicle, the defendant's state of awareness or consciousness, whether the keys were in the ignition or the vehicle was running, whether the car was in park or drive, and the location of the vehicle and the degree to which it was impeding, or could have impeded, traffic. *Ostby*, 48 Wn. App. at 870-71; *City of Spokane v. Beck*, 130 Wn. App. 481, 488, 123 P.3d 854 (2005); *Edgar*, 16 Wn. App. 2d at 833.

B. Analysis

Cughan argues that a rational trier of fact viewing the evidence in the light most favorable to the State could not have found that he failed to prove that his car was safely off the roadway. Two aspects of the affirmative defense were undisputed at trial: Cughan's vehicle was physically off the roadway and Cughan had moved his vehicle off the roadway prior to the contact with law enforcement. The remaining issue is whether his car was safely off the roadway.

Here, a rational trier of fact could have found that Cughan presented a continuing danger to the public and was not, as a result, safely off the roadway. First, Cughan maintained substantial control of the vehicle. He was awake, in the driver's seat, and the key fob was inside the vehicle. Cughan could have quickly reentered the roadway with minimal effort.

Second, the location of the truck posed a danger. Cughan's truck was parked on the narrow shoulder, and there were just 10 inches between the fog line and the closed driver's side door. The

driver's door, if opened completely, would have crossed over the fog line and impeded traffic. Trooper Crabtree testified that the shoulder area where Cughan parked was not a "proper place for someone to park" because it is "an automatic tow zone" and "for emergency use only." 2 VRP (May 7, 2024) at 41.

Viewing the evidence in the light most favorable to the State, including all reasonable inferences from the evidence, and deferring to the trier of fact on issues of witness credibility and the weight to be given to the evidence, a rational trier of fact could have found that Cughan was not safely off the roadway.

## II. TRIAL CONTINUANCE

Cughan argues that the trial court abused its discretion in granting the State's motion for a two-week continuance of the trial date to accommodate the deputy prosecutor's vacation that was planned prior to the trial setting. Cughan contends that if the continuance was improper, it violated the CrR 3.3 time for trial period applicable to his case. We disagree.

A. Legal Principles

Trial continuances may be granted by written agreement of the parties or by a motion by the court or a party. CrR 3.3(f). The bringing of a continuance motion by a party "waives that party's objection to the requested delay." CrR 3.3(f)(2).

"In exercising its discretion to grant or deny a continuance, the trial court is to consider all relevant factors." *State v. Heredia-Juarez*, 119 Wn. App. 150, 155, 79 P.3d 987 (2003). Among these factors are the complexity of the case, the promptness with which the prosecutor alerted the court of the conflict, and whether the defendant will be substantially prejudiced in his ability to present a defense. *Id.* at 155-56; *State v. Flinn*, 154 Wn.2d 193, 200, 110 P.3d 748 (2005); *see also*

CrR 3.3 (f)(2). We review a trial court's grant of a continuance for abuse of discretion. *Flinn*, 154 Wn.2d at 199; *State v. Downing*, 151 Wn.2d 265, 272, 87 P.3d 1169 (2004).

A defendant detained in jail must ordinarily be brought to trial within 60 days of arraignment unless a period of that time has been excluded from the computation of the time for trial pursuant to CrR 3.3(e). CrR 3.3(b)(1)(i)-(ii). An excluded period occurs when the trial court continues the trial date. CrR 3.3(e)(3). A defendant who objects to a trial date, whether it be the initial setting of the trial or the resetting of the trial, must, if they believe the trial setting is outside the time limits set in the rule, move the trial court to reset the trial within the allowable time limits. CrR 3.3(d)(3).

If a defendant fails to object to a trial date they believe was set in violation of the rule, the defendant loses the right to object to that date and that trial date will be treated as the last allowable date for the trial. CrR 3.3(d)(4). If time is excluded due to a continuance of the trial date, the allowable time for trial shall not expire earlier than 30 days after the end of that excluded period. CrR 3.3(b)(5).

B. Analysis

Cughan argues that the trial court abused its discretion by granting a continuance because (1) the prosecutor's office assigned a deputy to the case knowing the set trial dates conflicted with the deputy's preplanned vacation, and (2) the trial court prioritized the prosecutor's vacation over the defendant's speedy trial rights. The State responds that although Cughan lodged an objection to the continuance, he also agreed that the prosecutor's vacation was good cause to continue the trial and, therefore, the particular argument he makes on appeal was not made below and is not preserved.

As an initial matter, we note that if the trial court did not abuse its discretion in granting the continuance, there is no need for us to address Cughan's speedy trial claim.

Even assuming that Cughan properly preserved his argument that the prosecutor's unavailability[1] on the trial date was not good cause for the continuance, the trial court did not abuse its discretion in granting the continuance. An attorney's previously scheduled vacation is generally good cause to continue a case. *Heredia-Juarez*, 119 Wn. App. at 153; *Flinn*, 154 Wn.2d at 200. We have previously recognized that the scheduled vacations of attorneys and investigating officers are important and necessary to the dignity of these individuals. *State v. Kelley*, 64 Wn. App. 755, 767, 828 P.2d 1106 (1992); *State v. Selam*, 97 Wn. App. 140, 143, 982 P.2d 679 (1999); *State v. Torres*, 111 Wn. App. 323, 331, 44 P.3d 903 (2002).

In this case, the prosecutor's continuance request was for a mere two weeks. Defense counsel lodged a nominal objection, noting that he did not disagree that there was good cause to continue the case. Defense counsel then sought an additional continuance beyond the two weeks requested by the prosecutor due to his own prescheduled vacation. The trial ultimately commenced on May 6, 2024, only eight weeks after the original trial setting. Cughan does not explain, or even argue, how he was substantially prejudiced in his ability to present his defense.[2] We decline to consider claims that are unsupported by argument or citation to the record. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992); RAP 10.3(a)(6).

---

[1] We note that an attorney's unavailability due to a planned vacation is no different, for purposes of our analysis, from any other type of unavailability. Vacations are earned time off.

[2] Although Cughan points to harms he contends he experienced in his personal life as a result of being detained prior to trial, he does not address any prejudice he may have experienced in presenting his defense at trial.

No. 59594-0-II

The trial court did not abuse its discretion in granting the prosecutor's continuance motion. Because the continuance was not granted in error, Cughan's speedy trial violation claim fails. We affirm.

CONCLUSION

We hold that, considering the evidence in the light most favorable to the State, a rational trier of fact could have found that Cughan failed to prove that he was safely off the roadway by a preponderance of the evidence. We further conclude that the trial court did not abuse its discretion in granting the State's motion to continue. As a result, Cughan's CrR 3.3 time for trial claim fails. We affirm Cughan's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

LEE, P.J.

CHE, J.